IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DONATO APONTE NAVEDO, BELKIS ISABEL SANTIAGO MARTÍNEZ, AND THEIR COMMUNITY OF ACQUETS AND GAINS<br><br>PLAINTIFF,<br><br>v.<br><br>NALCO CHEMICAL COMPANY, JOSÉ SERRANO, AND HIS WIFE, JANE DOE (1), AND THEIR COMMUNITY OF ACQUETS AND GAINS, JORGE CASTILLO AND HIS WIFE, JANE DOE (2), AND THEIR COMMUNITY OF ACQUETS AND GAINS, ASHOK PAUL DUGGAL, AND HIS WIFE, JANE DOE (3), AND THEIR COMMUNITY OF ACQUETS AND GAINS AND ABC INSURANCE<br><br>DEFENDANTS. | CIVIL NO. 09-CV-01232<br><br>SUBJECT MATTER: TITLE VII VIOLATIONS, AGE, GENDER AND NATIONAL ORIGIN DISCRIMINATION, AMERICANS WITH DISABILITIES ACT, AND TORTS<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

**COMPLAINT**

I) **INTRODUCTION**

1) This is an action for employment discrimination and related violations of the constitutional rights of Plaintiff by defendants. The claims, filed on behalf of Mr. Donato Aponte (**Aponte**) and his wife, Belkis Isabel Santiago Martínez, arise from the acts and omissions by defendants, when starting on or around the year 2001, and all throughout the year 2008, until or around July 23rd, 2008, subjected Plaintiff Aponte to: a hostile work environment through discrimination and privacy violations and adverse

-1-

employment conditions, leading to his eventual unjustified termination. Defendant Nalco further refused to pay Plaintiff Aponte severance pay, as required by the separation pay statutes of the Commonwealth of Puerto Rico. Defendants Serrano, Castillo and Duggal all throughout the year 2008 either collaborated with, or failed in their duty to prevent, Plaintiff Aponte from being the object of disparaging, demeaning and ridiculing remarks. Plaintiffs also file this action against all codefendants, whom they allege where deliberately indifferent to their rights, and caused the damages alleged, due to their failure to adequately supervise and discipline yet unidentified other persons, employees and agents of **Nalco**, whose actions and omissions were taken in deliberate indifference to Plaintiffs' rights and proximately caused their injuries. Plaintiffs' claims of damages are based on the violation of rights guaranteed under the Constitution and laws of the United States and Puerto Rico.

II) **JURISDICTION**

2) This action is brought pursuant to **29 U.S.C. § 626**, Section 7(b) of the Age Discrimination in Employment Act (**ADEA**); **42 U.S.C. §1981**, as it pertains deprivation of rights of non-white persons; **42 U.S.C. § 12101**, Americans with Disabilities Act (**ADA**); **42 U.S.C. §2000**, Title VII of

the Civil Rights Act of 1964; **42 U.S.C. §1988**, Civil Rights Attorney's Fee Act.

3) Jurisdiction is founded upon **28 U.S.C. §§ 1331**, **1337**, **1343** and **29 U.S.C. § 626**, and the aforementioned statutory provisions. Plaintiffs further invokes the supplemental jurisdiction of the Court pursuant to **28 U.S.C. § 1367** to hear and decide claims arising under the laws of Puerto Rico and any related claims which are deemed to be within respect to the pendent parties.

4) This is the proper venue to bring this action, since the cause of action arose in Puerto Rico and all parties reside in this jurisdiction.

## III) **PARTIES**

5) Plaintiff Donato Aponte is a citizen of the Commonwealth of Puerto Rico and former employee of Nalco. Plaintiff qualifies as a protected individual under the statutes cited in the paragraphs above, as he is: Over 40 years old (**ADEA**); A Type II diabetic (**ADA**); and of Puerto Rican national origin (**Title VII**).

6) Plaintiff, Belkis Isabel Santiago Martínez, is the spouse of plaintiff Donato Aponte.

7) Defendant **Nalco** is an Illinois corporation, registered to do business in the Commonwealth of Puerto Rico as a foreign corporation.

8) Defendants José Serrano, Jorge Castillo and Ashok Paul Duggal were at all times relevant to this complaint officers of Nalco.

9) On **December 10, 2008,** Plaintiff timely submitted a charge of discrimination against Nalco and the above-named individuals with the Equal Employment Opportunity Commission (**"EEOC"**) on the basis of national origin, disability, gender, age and both gender and age.

10) On **January 28, 2009,** plaintiff received a "notice of right to sue within 90 days" from the **EEOC**. A copy of this notice is attached, marked **Exhibit "1"**, and incorporated by reference.

11) At all times relevant to this Complaint, Nalco was engaged in an industry affecting commerce as defined in Section 11(h) of the **ADEA, 29 U.S.C. § 630**.

12) At all times relevant to this Complaint, the **Nalco** has employed 20 or more employees for each working day in each of 20 or more calendar weeks in the preceding calendar year.

13) Nalco was and is, therefore, an employer within the Commonwealth of Puerto Rico and within the jurisdictional coverage of Section 11(b) of the **ADEA, 29 U.S.C.A. § 630**, **ADA, 42 U.S.C. § 12101** and Title VII of the Civil Rights Act, **42 U.S.C. §2000**.

14) Defendants **Serrano, Castillo** and **Duggal** were at all times relevant to this complaint employers within the Commonwealth of Puerto Rico and within the jurisdictional coverage of **ADEA, 29 U.S.C.A. § 630**, **ADA, 42 U.S.C. § 12101** and **42 U.S.C. §2000**, and accountable for the action of Nalco's agents and its supervisors.

15) The aforementioned defendants directly caused the injuries and violation to Plaintiffs' civil rights by their actions, and by their omissions in failing to prevent others from injuring Plaintiffs.

16) Defendants **Serrano, Castillo** and **Duggal**, where at all times relevant to this complaint respectively General Manager, Sales Manager, and Area Supervisor of Nalco, and thus charged with the responsibility of supervising the actions of all Nalco agents and employees. On information and belief, these **Nalco** officers failed in their duty to supervise, evaluate, monitor and assign Nalco agents and employees, or otherwise assure that they would not represent a risk of injury to Plaintiffs, proximately causing the injuries alleged herein.

17) The above-described actions and omissions were taken on behalf of **Nalco** and named defendants, as well as other unnamed **Nalco** Directors, Officers, Officials and Management, and constitute discriminatory treatment against Plaintiff.

18) Discriminatory acts of defendants and their refusal to follow company standards and procedures for dismissal and termination decisions were taken on behalf of **Nalco** and named defendants, as well as other unnamed **Nalco** Directors, Officers, Officials and Management.

19) On information and belief, **Nalco** Directors, Officers, Officials and Management have long been aware of the habitually discriminatory conduct by defendants against Plaintiff.

20) Furthermore, **Nalco** Directors, Officers, Officials and Management knew or should have known that defendants granted more favorable treatment to employee's who are either: non – Puerto Rico nationals; non disabled; conform to male, gender based stereotypes imposed by defendant Castillo; younger than Plaintiff, or a combination of the above unlawful basis for discrimination.

21) Despite this knowledge, **Nalco** Directors, Officers, Officials and Management failed to take any steps to rectify the situation, and instead permitted Plaintiff's work conditions and environment to progressively deteriorate.

22) The failure of **Nalco** Directors, Officers, Officials and Management to take remedial action indicates that the national origin, disability, age and gender discrimination animus that

pervades in **Nalco** is endorsed by its highest levels of authority.

23) Each of these defendants is also sued in his personal capacity, and their respective community of acquets and gains.

## IV) **FACTUAL ALLEGATIONS**

24) Plaintiff Aponte began his career in **Nalco** on or around June'1996, and was subsequently terminated on or around July 23rd, 2008.

25) Plaintiff Aponte was subjected to a hostile work environment by **Castillo** starting on or around 2001, until the end of his employment with **Nalco**, due to his **ADA** protected condition of Type II diabetes.

26) Specific instances of **Castillo's** conduct include: Insistent disparaging remarks about Petitioner's diabetes-induced weight and girth; Directing demeaning and ridiculing comments towards Aponte for failing to physically "keep-up", due to his medical condition; Refusing to provide Aponte with a minimum reasonable accommodation, such that he could be properly nourished, medicated and rested to fulfill his duties; Imposing on Aponte working conditions which endangered his health and wellbeing, by preventing him from adequately monitoring and reacting to his chronic condition.

27) Plaintiff Aponte was subjected to a sexual and gender based hostile work environment by **Castillo** starting on or around 2001, until the end of his employment with **Nalco**.

28) Specific instances of **Castillo's** conduct include: Persistent harassment insisting that Aponte participate in binge-drinking in **Nalco** sponsored employee and client outings; Persistent harassment insisting that Aponte participate in philandering, womanizing and sex-procurement in **Nalco** sponsored employee and client outings; Subjecting Aponte to ridicule and disparaging remarks in the presence of his colleagues, for refusing to engage in the above behavior; Subjecting Aponte to ridicule and disparaging remarks for failing to conform to **Castillo's** stereotype of acceptable male behavior.

29) Plaintiff Aponte, as well as all other fellow employees of Puerto Rican national descent, were subjected to a hostile work environment by Nalco management, including but not limited to, the individuals named in this complaint.

30) All individuals perpetrating the national-origin based discriminatory acts are non-Puerto Rican, foreign nationals, motivated by their hostility towards Puerto Ricans.

31) Plaintiff Aponte endured the national-origin based discriminatory acts starting on or around 1998, and all

throughout the date of his termination on or around July 23rd, 2008.

32) Specific instances of conduct by **Nalco** management which suggest a national-origin based discriminatory animus include: persistent derogatory comments towards Puerto Rican work ethics and habits; demotions aimed specifically to Puerto Ricans, under threat of termination, while less qualified foreign nationals were brought in as new hires.

33) Plaintiff Aponte discharge from **Nalco** was made in favor of a less-qualified, younger (under 40 years of age), non-Puerto Rican foreign national, who has subsequently filled Petitioner's role and duties, and now tends to what was once his client base.

34) All throughout the period from 1996, until July 23rd, 2008, Aponte proved himself as a qualified employee and professional, for which he repeatedly received accolades from colleagues, clients and Nalco management outside of the Puerto Rico operation.

35) **Nalco**, on the other hand, continued to have client demand for Aponte's skill set, as he was replaced by a less qualified, less experienced younger foreign national, who does not appear to suffer from a chronic disease.

36) Plaintiff Aponte - without cause or justification - was further subjected to arbitrary and discriminatory decisions to

exclude him from: training and continued education opportunities; work tools and equipment replacement programs; **Nalco** official communications and e-mail distributions; internal and customer meetings in which his participation would be otherwise essential.

37) In the remarks and actions alleged above, defendants acted within the scope of their employment as agents of **Nalco**, under the supervisory control of all named defendants and other **Nalco** Directors, Officers, Officials and Management.

38) Defendant's discriminatory conduct leading to the eventual termination of Aponte, created a work environment extremely detrimental to Aponte's emotional and physical health, interfered with his work performance, and caused Plaintiff acute emotional distress necessitating medical treatment and consequent medical expenses, which have only become aggravated since the date of termination.

39) All injuries suffered by Plaintiff are as a direct and proximate result of the grossly negligent and culpable actions and omissions of all the defendants, which were taken in reckless disregard of and in deliberate indifference to Plaintiff's constitutional rights.

## V) **FIRST, SECOND, THIRD AND FOURTH CAUSES OF ACTION - AGE, GENDER, NATIONAL ORIGIN AND DISABILITY BASED DISCRIMINATION**

**40)** Plaintiffs repeat and reallege each and every preceding paragraph of this complaint.

**41)** These causes of action arise under the provisions of **29 U.S.C. § 626**, **42 U.S.C. § 12101**, **42 U.S.C. §1981**, **42 U.S.C. §2000**, and under the provisions of Commonwealth of Puerto Rico Law 100, **29 L.P.R.A. §146** et seq., which prohibit age, gender, national origin and disability based discrimination.

**42)** This court has supplemental jurisdiction pursuant to **28 U.S.C. §1367** to hear and adjudicate these claims arising from the same nucleus of operative facts, and to hear and adjudicate any such claim this court may deem to be brought on behalf of a pendent party to this action.

**43)** At all times relevant to this complaint Plaintiff's terms and conditions of employment, with respect to such matters as training, advancement, compensation, benefits, privileges, fringe benefits and bonuses, were not commensurate with that of similarly situated: younger employees; employees who were willing to submit themselves to conform to male, gender based stereotypes imposed by defendant Castillo; non – Puerto Rico national employees; non – disabled employees.

**44)** Discriminatory acts of defendants and their refusal to follow corporate standards and procedures for termination decisions were taken on behalf of Nalco and named defendants,

as well as other unnamed **Nalco** Directors, Officers, Officials and Management.

**45)** Defendants who are natural persons are accountable and respond in their official capacity for charges under **29 U.S.C. § 626**, **42 U.S.C. § 12101**, **42 U.S.C. §2000**, and personally for charges under **42 U.S.C. §1981**. The defendants respond jointly and severally to Plaintiffs for these violations, entitling Plaintiffs to an award of compensatory damages, costs, interests and attorney fees under **42 U.S.C. §1988**.

**46)** Given the wanton and malicious actions and omissions as described herein, the Plaintiffs are entitled to an award of punitive or exemplary damages.

## VI) FIFTH AND SIXTH CAUSES OF ACTION - TORT CLAIMS

**47)** Plaintiffs repeat and reallege each and every preceding paragraph of this complaint.

**48)** The actions and omission described herein constitute a tort under the Constitution and laws of the Commonwealth of Puerto Rico, for which the defendants respond to the Plaintiffs in compensatory damages, pursuant to **Article 1802** and **1803** of the **Civil Code of Puerto Rico**.

**49)** At all times relevant to this complaint Plaintiff was subject to a demonstrated discriminatory animus was and submitted to continuous insults, disparaging remarks and

ridicule, at a sufficient degree to constitute an abusive attack on his honor, dignity, personal integrity, reputation and private and family life.

50) The actions and omission described herein constitute a privacy claim based on the violation of his right to privacy and dignity, a tort in violation of the provisions of **Article II §§1, 8 and 16** of the Constitution of the Commonwealth of Puerto Rico.

VII) **SEVENTH CAUSE OF ACTION – WRONGFUL DISCHARGE AND SEPARATION PAYMENT**

51) Plaintiffs repeat and reallege each and every preceding paragraph of this complaint.

52) This cause of action for wrongful discharge and damages arises under of **Article II §§1, 8 and 16** of the Constitution of the Commonwealth of Puerto Rico, which prohibit the termination of an employee in violation of a public policy of constitutional magnitude, and pursuant to Law 80, **29 L.P.R.A. §185a**, which provides for statutory separation pay.

VIII) **EIGHT CAUSE OF ACTION – INDEMNITY**

53) Plaintiffs repeat and reallege each and every preceding paragraph of this complaint.

54) The insurers identified with the fictitious name ABC Insurance issued policies which cover the damages alleged herein.

**55)** These insurers respond directly to the plaintiff pursuant to the Direct Action Statute of the Commonwealth of Puerto Rico.

**IX) JURY DEMAND**

**56)** Plaintiff demands trial by jury.

**X) PRAYER FOR RELIEF**

WHEREFORE, the plaintiff demands judgment against the defendant and prays:

**57)** That this Court issue an injunction to order such affirmative relief as is appropriate, including, but not limited to, directing **Nalco** to reinstate Plaintiff to the position of Application Engineer.

**58)** That this Court enjoin the defendants **Nalco** and its named and unnamed agents and codefendants from discriminating on the basis of age, gender, disability and national origin in determining working conditions of its employees.

**59)** That this Court enters a permanent injunction against **Nalco**, its supervisors, employees, and agents, ordering them to cease and desist from engaging in the discriminatory practices described above.

**60)** That this Court award the plaintiff the sum of **$36,250.00** as unpaid wages and other compensation to date, as well as the sum of **$273.00** as unpaid wages and other compensation for each

day that elapses until the plaintiff is properly reinstated to the above job classification.

**61)** That this Court award the plaintiff damages in the form of full back pay, in the amount of no less than **$500,000.00** and compensatory damages in the amount of no less than **$50,000.00** for medical expenses.

**62)** That this Court award the plaintiffs damages in the amount of no less than **$250,000.00** for the pain and suffering of Donato Aponte, and **$150,000.00** for the pain and suffering of Belkis Isabel Santiago Martínez.

**63)** That this court award Plaintiff separation pay for wrongful discharge pursuant to the statutory separation pay ("mesada") in an amount exceeding **$70,901.25.**

**64)** That this court impose on Nalco, as the employer who has discharged and discriminated against Aponte on the basis of age, the civil liability under Puerto Rico's Law 100 of June 30, 1959, P.R. Laws Ann. tit. 29 § 146, et seq in the sum of no less than **$141,802.50**.

**65)** That this Court award the plaintiff liquidated damages as provided by the **ADEA**.

**66)** That this Court award the plaintiff reasonable attorney's fees and the other costs of this action under **42 U.S.C. § 1988**, Civil Rights Attorney's Fee Act.

**67)** That this Court award plaintiff back pay, and other damages, including, but not limited to, costs, disbursements.

**68)** That this Court award the plaintiff such other and further relief as may be just and equitable.

**STATEMENT UNDER PENALTY OF PERJURY**

I, Donato Aponte Navedo on oath state as set forth below:

1. That I am of legal age, married, engineer, and a resident of Toa Baja, Puerto Rico.

2. That I have read the foregoing Complaint, and have reviewed all information alleged therein and believe the same is true as evidenced by the records of the case.

Pursuant to **28 U.S.C. § 1746**, I declare under penalty of perjury the foregoing as true and correct.

Executed this sixth (6) day of March, 2009 at San Juan, Puerto Rico.

_____
Donato Aponte Navedo

**STATEMENT UNDER PENALTY OF PERJURY**

I, Belkis Isabel Santiago Martínez, on oath state as set forth below:

1. That I am of legal age, married, nutritionist, and a resident of Toa Baja, Puerto Rico.

2. That I have read the foregoing Complaint, and have reviewed all information alleged therein and believe the same is true as evidenced by the records of the case.

Pursuant to **28 U.S.C. § 1746**, I declare under penalty of perjury the foregoing as true and correct.

Executed this sixth (6) day of March, 2009 at San Juan, Puerto Rico.

_____
Belkis Isabel Santiago Martínez

Executed this _____ day of March, 2009 at San Juan, Puerto Rico.

**LAW OFFICES OF CUADROS & CUADROS**
Centro de Seguros Bldg., Suite 215
701 Ponce de León Avenue (Miramar)
San Juan, Puerto Rico 00907
**Tel: (787) 725-2652**
**Fax: (787) 728-3820**

By: _____
**Miguel A. Cuadros Pesquera**
USDC-PR No. 114814