UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DONATO APONTE NAVEDO, BELKIS ISABEL SANTIAGO MARTÍNEZ, AND THEIR COMMUNITY OF ACQUETS AND GAINS, <br><br> Plaintiffs, <br><br> v. <br><br> NALCO CHEMICAL COMPANY, JOSÉ SERRANO AND HIS WIFE JANE DOE (1), AND THEIR COMMUNITY OF ACQUETS AND GAINS, JORGE CASTILLO AND HIS WIFE JANE DOE (2), AND THEIR COMMUNITY OF ACQUETS AND GAINS, ASHOK PAUL DUGGAL AND HIS WIFE JANE DOE (3), AND THEIR COMMUNITY OF ACQUETS AND GAINS AND ABC INSURANCE, <br><br> Defendants. | CIVIL NO. 09-01232 (GAG) <br><br> TITLE VII VIOLATIONS, AGE, GENDER AND NATIONAL ORIGIN DISCRIMINATION, AMERICANS WITH DISABILITIES ACT AND TORTS |

**ANSWER TO COMPLAINT**

TO THE HONORABLE COURT:

**COME NOW** codefendant Nalco Company f/k/a Nalco Chemical Company ("**NALCO**" or the "**defendant**"), through the undersigned attorneys, and respectfully states, alleges and prays as follows in answering plaintiffs' Complaint:

**I. INTRODUCTION**

1. Other than admitting the fact that this action was brought by plaintiffs Donato Aponte Navedo (hereinafter "**Aponte**" or the "**plaintiff**") and his wife Belkis Isabel Santiago Martínez

(hereinafter referred to collectively as the "**plaintiffs**") for <u>alleged</u> employment discrimination and related violations of their constitutional rights, the allegations contained in paragraph 1 of the Complaint are hereby denied.

## II.   JURISDICTION

2.   The allegations contained in paragraph 2 of the Complaint do not require a response.  In the alternative, such allegations are hereby denied.

3.   The allegations contained in paragraph 3 of the Complaint do not require a response.  In the alternative, such allegations are hereby denied.

4.   The allegations contained in paragraph 4 of the Complaint do not require a response.  In the alternative, such allegations are hereby denied.

## III.   PARTIES

5.   The first sentence of paragraph 5 of the Complaint is hereby admitted.  The remaining allegations contained in that paragraph are hereby denied.

6.   The allegations contained in paragraph 6 of the Complaint are admitted, to the best of defendant's knowledge and belief.

7.   With respect to the allegations contained in paragraph 7 of the Complaint it is admitted that Nalco Company f/k/a Nalco Chemical Company is a for profit corporation organized under the

laws of Delaware duly authorized to conduct business in Puerto Rico.

8. With respect to the allegations contained in paragraph 8 of the Complaint it is admitted that during the relevant period of time object of the Complaint the named individuals were employees of NALCO.

9. With respect to the allegations contained in paragraph 9 of the Complaint it is admitted that in or about January of 2009 NALCO learned for the first time about the fact that plaintiff Aponte had filed a charge of discrimination before the EEOC on or about December 10, 2008.

10. With respect to the allegations contained in paragraph 10 of the Complaint it is admitted, upon information and belief, that the EEOC issued a "Notice of Right to Sue" to plaintiff Aponte dated January 26, 2009.

11. With respect to the allegations contained in paragraph 11 of the Complaint the same are denied with respect to NALCO's Puerto Rico operations.

12. With respect to the allegations contained in paragraph 12 of the Complaint the same are denied with respect to NALCO's Puerto Rico operations.

13. With respect to the allegations contained in paragraph 13 of the Complaint the same are denied with respect to NALCO's Puerto Rico operations.

14. Paragraph 14 of the Complaint is hereby denied.

15. Paragraph 15 of the Complaint is hereby denied.

16. With respect to the allegations contained in paragraph 16 of the Complaint it is admitted that during the relevant period of time object of the Complaint Serrano was General Manager Latin America, Castillo was Regional Sales Manager and Duggal was Area Manager for NALCO. The remaining allegations contained in paragraph 16 of the Complaint are hereby denied.

17. Paragraph 17 of the Complaint is hereby denied.

18. Paragraph 18 of the Complaint is hereby denied.

19. Paragraph 19 of the Complaint is hereby denied.

20. Paragraph 20 of the Complaint is hereby denied.

21. Paragraph 21 of the Complaint is hereby denied.

22. Paragraph 22 of the Complaint is hereby denied.

23. The allegations contained in paragraph 23 of the Complaint do not require a response. In the alternative, the allegations contained in paragraph 23 of the Complaint are hereby denied.

### IV. FACTUAL ALLEGATIONS

24. Paragraph 24 of the Complaint is hereby admitted.

25. Paragraph 25 of the Complaint is hereby denied.

26. Paragraph 26 of the Complaint is hereby denied.

27. Paragraph 27 of the Complaint is hereby denied.

28. Paragraph 28 of the Complaint is hereby denied.

29. Paragraph 29 of the Complaint is hereby denied.

30. Paragraph 30 of the Complaint is hereby denied.

31. Paragraph 31 of the Complaint is hereby denied.

32. Paragraph 32 of the Complaint is hereby denied.

33. Paragraph 33 of the Complaint is hereby denied.

34. Paragraph 34 of the Complaint is hereby denied as drafted.

35. Paragraph 35 of the Complaint is hereby denied as drafted.

36. Paragraph 36 of the Complaint is hereby denied.

37. Paragraph 37 of the Complaint is hereby denied as drafted.

38. Paragraph 38 of the Complaint is hereby denied.

39. Paragraph 39 of the Complaint is hereby denied.

**V. FIRST, SECOND, THIRD AND FOURTH CAUSES OF ACTION – AGE, GENDER, NATIONAL ORIGIN AND DISABILITY BASED DISCRIMINATION**

40. The answers to the preceding paragraphs are hereby repeated, realleged, incorporated and made to form part of the following answers by reference.

41. The allegations contained in paragraph 41 of the Complaint do not require a response.  In the alternative, the allegations contained in paragraph 41 of the Complaint are hereby denied.

42. The allegations contained in paragraph 42 of the Complaint do not require a response.  In the alternative, the

allegations contained in paragraph 42 of the Complaint are hereby denied.

43. Paragraph 43 of the Complaint is hereby denied.

44. Paragraph 44 of the Complaint is hereby denied.

45. Paragraph 45 of the Complaint is hereby denied.

46. Paragraph 46 of the Complaint is hereby denied.

## VI.   FIRTH AND SIXTH CAUSES OF ACTION - TORT CLAIMS

47. The answers to the preceding paragraphs are hereby repeated, realleged, incorporated and made to form part of the following answers by reference.

48. Paragraph 48 of the Complaint is hereby denied.

49. Paragraph 49 of the Complaint is hereby denied.

50. Paragraph 50 of the Complaint is hereby denied.

## VII.   SEVENTH CAUSE OF ACTION - WRONGFUL DISCHARGE AND SEPARATION PAYMENT

51. The answers to the preceding paragraphs are hereby repeated, realleged, incorporated and made to form part of the following answers by reference.

52. The allegations contained in paragraph 52 of the Complaint do not require a response.  In the alternative, the allegations contained in paragraph 52 of the Complaint are hereby denied.

## VIII.   EIGHT CAUSE OF ACTION - INDEMNITY

53.   The answers to the preceding paragraphs are hereby repeated, realleged, incorporated and made to form part of the following answers by reference.

54.   The allegations contained in paragraph 54 of the Complaint do not require a response since they are addressed to other, unidentified parties.  In the alternative, the allegations contained in paragraph 54 of the Complaint are hereby denied.

55.   The allegations contained in paragraph 55 of the Complaint do not require a response since they are addressed to other, unidentified parties.  In the alternative, the allegations contained in paragraph 55 of the Complaint are hereby denied.

## IX.   JURY DEMAND

56.   The allegations contained in paragraph 56 of the Complaint do not require a response.  In the alternative, the allegations contained in paragraph 56 of the Complaint are hereby denied.

## X.   PRAYER FOR RELIEF

57.   Paragraph 57 of the Complaint is hereby denied.

58.   Paragraph 58 of the Complaint is hereby denied.

59.   Paragraph 59 of the Complaint is hereby denied.

60.   Paragraph 60 of the Complaint is hereby denied.

61.   Paragraph 61 of the Complaint is hereby denied.

62.   Paragraph 62 of the Complaint is hereby denied.

63.   Paragraph 63 of the Complaint is hereby denied.

64.   Paragraph 64 of the Complaint is hereby denied.

65.   Paragraph 65 of the Complaint is hereby denied.

66.   Paragraph 66 of the Complaint is hereby denied.

67.   Paragraph 67 of the Complaint is hereby denied.

68.   Paragraph 68 of the Complaint is hereby denied.

## AFFIRMATIVE DEFENSES

1.   One or more of the causes of action in this case fail to state a claim upon which relief may be granted.

2.   One or more of the causes of action in this case, including but not limited to those under theories of fault and negligence, are time-barred under the applicable statutes of limitation.

3.   Plaintiffs lack a cause of action against the defendants under the Constitution or laws of the United States, and/or under the Constitution or laws of the Commonwealth of Puerto Rico, including but not limited to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("**ADEA**"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("**Title VII**"); the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("**ADA**"); Puerto Rico's Act No. 100 of June 30, 1959, P.R. Laws Ann. tit. 29, §§ 146-151 ("**Law 100**"); Puerto Rico's Act No. 80 of May 30, 1976, P.R. Laws Ann. tit 29, §§ 185a-185m ("**Law 80**"), all of them as

amended; and/or the Civil Code of Puerto, as well as under any other local or federal statute, rule or regulation.

    4.   The ADEA does not apply to defendants and plaintiff Aponte is precluded from bringing a cause of action against them based on the ADEA, since NALCO Puerto Rico operations does not meet the definition of an employer under such statute by having less than twenty employees for each working day in each of twenty or more calendar weeks in the current and preceding calendar year, during the relevant time period object of the Complaint. See 29 U.S.C.A. § 630(b).

    5.   Title VII does not apply to defendants and plaintiff Aponte is precluded from bringing a cause of action against them based on Title VII, since NALCO Puerto Rico operations does not meet the definition of an employer under such statute by having less than fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, during the relevant time period object of the Complaint. See 42 U.S.C.A. § 2000e(b).

    6.   The ADA does not apply to defendants and plaintiff Aponte is precluded from bringing a cause of action against them based on the ADA, since NALCO Puerto Rico operations does not meet the definition of an employer under such statute by having less than fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, during

the relevant time period object of the Complaint. <u>See</u> 42 U.S.C.A. § 12111(5)(A).

7. Plaintiff was an employee hired for an indefinite period of time and subject to removal at any time.

8. The termination of plaintiff's employment was for just/good cause under the provisions of Puerto Rico's Law 80, and hence, lawful under the applicable statutes referred to in the Complaint.

9. Plaintiff Aponte's employment with the defendants as District Sales Representative was terminated for just cause effective July 23, 2008, as a result of, among others, his poor performance. Mr. Aponte's performance commenced to decline drastically during the year 2007, and continued until the date he was discharged.

10. Plaintiff exhibited an attitude of not performing his work efficiently.

11. Plaintiff Aponte did not perform the minimum requirements of his field sales role for more than a year before his termination of employment on July 23, 2008. He was placed on a performance improvement plan in August of 2007, which was followed by a short-term effort to improve performance. He, nonetheless, failed to achieve the desired improvement, resulting in him being removed of his largest account, AMGEN, by the customer. Among other things, plaintiff Aponte:

>   a.  did not fulfill company, personal and local sales expectations/goals;
>   b.  caused the dissatisfaction of clients due to poor service;
>   c.  missed routine service visits which were expected by the clients without providing any explanation;
>   d.  untimely submitted service and special studies reports;
>   e.  failed to act upon complaints made by clients, as well as to comply with management's instructions/directives in relation to the same; and
>   f.  untimely submitted internal company administrative reports.

12. Due to his lack of service performance, the company suffered the loss of clients/business.

13. His failure to comply with his duties and responsibilities on a timely fashion disrupted the company's normal course of business since it forced it to reassign personnel to avoid and/or prevent the loss of clients/business, as well as to cover for his deficiencies.

14. Aponte's performance deficiencies, as indicated above, had a negative effect in the normal, efficient and professional operations and reputation of the company.

15. His continued lack of motivation in the performance of his duties negatively affected his overall performance, even after being advised, counseled and warned about the consequences of his actions.

16. With his actions or lack thereof plaintiff Aponte put at risk the loss of approximately $500,000.00 per year in company sales/business. (See attached supporting documents included herein as **Exhibits 1, 2** and **3**).

17. The decision to terminate plaintiff's employment was based upon considerations directly related to the normal operations of the defendants' business. As such, the decision to terminate plaintiff's employment was for good/just cause under pertinent law.

18. Plaintiff's discharge was one based on grounds connected with the orderly and normal operation of the enterprise, rather than on the free will of the employer.

19. Since the termination of employment of plaintiff Aponte was for just/good cause under Puerto Rico's wrongful termination statute (i.e., Law 80), his termination of employment is also non-discriminatory under the ADEA, Title VII and the ADA.

20. In the alternative, and in the unlikely event that it were determined that plaintiff's termination of employment was made without good/just cause, something which is expressly denied by the defendants, his remedies, if any, are limited to those provided under Puerto Rico's wrongful termination statute, i.e., Law 80

(that is, Law 80 would provide the exclusive remedy that the plaintiff might be entitled to).

21. Since coplaintiff Aponte's termination of employment was for just cause and no employment relationship ever existed between defendants and coplaintiff Belkis Isabel Santiago Martínez, she cannot bring any claims against defendants based on the termination of employment of coplaintiff Aponte.

22. Plaintiff has failed to sufficiently allege and/or establish a *prima facie* case of employment discrimination.

23. To the extent that plaintiffs seek to enforce the presumption which triggers the burden-shifting mechanism of Puerto Rico's Law 100, said burden-shifting mechanism is unconstitutional under the Constitution of the United States, and the burden of proving their case lies with plaintiffs throughout.

24. Defendants did not discriminate against plaintiff on account of his age, gender, national origin and/or alleged disability.

25. At the time of his termination of employment, plaintiff had never complained to the defendants of discrimination on account of age, gender, national origin and/or alleged disability.

26. Defendants had no knowledge regarding plaintiff's discrimination claims prior to his termination of employment.

27. The plaintiff failed to exhaust all administrative remedies as required by law.

28. Defendants treat and have always treated all their employees fairly and without regard to any particular protected status or preferential treatment because of their age, gender, national origin, disability and/or any other protected modality.

29. At all relevant times, defendants have had in effect an effective and strong policy against discrimination in the work place.

30. Defendants' conduct toward plaintiffs has not been negligent, malicious, willful, deliberate, callous, fraudulent, improper, illegal, retaliatory, reckless, intentional and/or in violation of any contract, law, rule or regulation whatsoever.

31. Defendants at all times and places relevant to this action acted in good faith, never with negligence and with a reasonable belief in the lawfulness of their acts, if any such alleged acts in fact occurred.  Defendants have not acted willfully, maliciously or recklessly or in disregard of plaintiff´s protected rights.

32. Plaintiff never informed defendants of the alleged discriminatory practices in which they allegedly engaged, even though defendants had in effect an effective policy to maintain its workplace free of illegal discrimination.  Plaintiff never used the grievance resolution procedures that defendants had in place to precisely address that type of problem, even though he was aware of such procedures.  By not reporting the alleged conduct promptly,

plaintiff prevented NALCO from correcting the situation promptly and/or hindered a subsequent investigation of his allegations. By failing to use company procedures, plaintiff seriously breached his duties and responsibilities and, consequently, such omission was the sole cause of any damages resulting from the alleged discrimination.

33. Plaintiff Aponte lacks a cause of action against defendants since they maintained policies against and to address complaints of discrimination, and he unreasonably failed to use them to avoid the alleged damages.

34. Defendants' actions in terminating plaintiff Aponte's employment were not illegal, willful or reckless.

35. Defendants did not know and/or could not have known about plaintiff's alleged disability.

36. Plaintiff failed to file his American with Disabilities Act's claims with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged unlawful employment practices.

37. As a result, plaintiffs' remaining claims do not qualify as independent actionable wrongs under the Americans with Disabilities Act.

38. Plaintiffs' alleged discriminatory acts on the part of the defendants do not constitute a "serial or continuous violation" under the American with Disabilities Act.

39. Plaintiff is not "a qualified individual with a disability" within the provisions of the Americans with Disabilities Act and its applicable regulations.

40. Before his termination of employment, plaintiff had never complained to the defendants of discrimination under the Americans with Disabilities Act, had not alleged having an impairment or disability which substantially limited one or more of his major life activities, nor requested any type of reasonable accommodation.

41. Since plaintiff does not qualify as an individual with a disability under the Americans with Disabilities Act, defendants were not required by law to provide him with a "reasonable accommodation". Notwithstanding, to the extent that such obligation existed, if it did, defendants fully complied with it.

42. Defendants never discriminated against plaintiff for an alleged disability or for any other illegal reason or consideration. On the contrary, all decisions made by defendants with regards to the terms and conditions of employment of the plaintiff were based upon legitimate non-discriminatory considerations.

43. An individual, such as the plaintiff, with a disability under the Americans with Disabilities Act as alleged by the plaintiff, in order to be covered by the provisions of the statute, must be able to work and/or perform, with or without reasonable

accommodation, all the essential functions of his job position. That includes performing said functions to the satisfaction and expectations of his employer. Failure to do so makes the employee an unqualified individual under the statute (i.e., the ADA).

44. Defendants have not engaged in negligent or tortious acts toward plaintiffs.

45. There is no causal nexus between the alleged damages and any act, conduct or omission on the part of the defendants.

46. Defendants have not engaged in any conduct whatsoever which could be regarded as causing damages to the plaintiffs.

47. Plaintiffs fail to state a claim upon which relief can be granted pursuant to theories of fault and/or negligence under Articles 1802 and/or 1803 of the Puerto Rico Civil Code.

48. Defendants owe no monies to plaintiffs.

49. Plaintiffs have suffered no damages as a result of defendants' conduct.

50. Plaintiffs' alleged damages, if any, were caused in whole or part by their own conduct, actions, omissions, fault or negligence and/or that of third parties for which the defendants are not liable.

51. Plaintiffs failed to mitigate the damages alleged in the Complaint, if any.

52. Plaintiffs' alleged damages, as claimed in the Complaint, do not proceed as a matter of law, are speculative and/or excessive.

53. Plaintiffs are not entitled to punitive, "exemplary", double indemnity, liquidated and/or compensatory damages.

54. Plaintiff is not entitled to reinstatement, front and/or backpay.

55. Any allegations not specifically admitted are hereby denied.

56. Defendants reserve their right to raise additional defenses on their behalf, as well as to amend, supplement and/or modify the affirmative defenses being raised herein, as a result of the discovery to be conducted in the case.

**WHEREFORE,** defendants respectfully request that this Honorable Court deny and dismiss with prejudice the Complaint filed in this case, with the imposition of costs and attorney's fees in favor of the defendants, and provide any other remedies that this Honorable Court may deem appropriate.

**RESPECTFULLY SUBMITTED.**

**WE HEREBY CERTIFY:** That on this same date we electronically filed the present "Answer to Complaint" with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: ***Miguel A. Cuadros Pesquera, Esq.***, Law Offices of Cuadros & Cuadros, Centro de Seguros Bldg., Suite 215, 701 Ponce de

León Avenue (Miramar), San Juan, Puerto Rico 00907; and all other attorneys of record, if any.

In San Juan, Puerto Rico, this 7th day of July, 2009.

> s/ Arturo Díaz-Angueira, 117907
> s/ Roberto Feliberti, 208002
> **CANCIO, NADAL, RIVERA & DÍAZ, P.S.C.**
> PO Box 364966
> San Juan, PR 00936-4966
> Tel. (787) 767-9625
> Fax  (787) 764-4430/622-2238
> adiaz@cnrd.com
> rfeliberti@cnrd.com