EXHIBIT
2

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DONATO APONTE NAVEDO, et al.<br>Plaintiffs<br><br>v.<br><br>NALCO CHEMICAL, INC., et al.<br>Defendants | **CIVIL No. 09-01232-GAG-JA**<br><br>TITLE VII AGE & GENDER DISCRIMINATION, ADA, NATIONAL ORIGIN<br>TORTS<br><br>TRIAL BY JURY |

### PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR DOCUMENT PRODUCTION TO CO-DEFENDANT NALCO CHEMICAL, INC.

TO:     Nalco Chemical, Inc.

FROM:   Donato Aponte

Plaintiff Donato Aponte Navedo, by the undersigned attorney hereby propounds interrogatories and requests for production of documents upon co-defendant Nalco Chemical, Inc., to be fully answered and responded to under oath, in accordance with Federal Rule of Civil Procedure 33, and subject to the instructions set forth below.

Please note that plaintiff requests that the format of production for documents which originate in printed format be in PDF. For all discovery items which originate as Electronic Stored Information, please submit in native electronic file format. Plaintiff further requests that that responses and production be submitted to the undersigned and notified to his e-mail address.

Any materials or documentation which due to their size, volume and format need to be delivered personally to plaintiff, should not be sent to the undersigned's address in New York, but the attention of Cuadros & Cuadros in San Juan, P.R..

### INSTRUCTIONS

**a.** Time to respond: The responding party must serve its answers or any objections within thirty (30) days after being served with the interrogatories.

1

**b.** Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing and under oath.

**c.** These Interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

**d.** Unless otherwise stated, these Interrogatories refer to the time, place, and circumstances of the discriminatory and derogatory actions and/or omissions mentioned or stated in the complaint.

**e.** Where name and identity of a person is required, please state full name, home address and also business address, if known, and telephone number.

**f.** Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives, and unless privileged, his attorney's. When answers are made by corporate defendant, state the name, address and title of persons supplying the information and making the affidavit, and announce the source of his or her information.

**g.** The pronoun "you" refers to the party to whom the interrogatories are addressed and the parties mentioned in clause (e).

**h.** "Identify" when referring to an individual, corporation, or other entity shall mean to set forth the name and telephone number, and if a corporation or other entity, its principal place of business, or if an individual, the present or last known home address, his or her job title or titles, by whom employed and address of the place of employment.

**i.** The word "describe", used in connection with any act, occurrence, or physical facts, shall include but not be limited to the following:  the identity of every person known to have been involved in or to have witnessed the act or occurrence, the date or dates of any such act or occurrence, and a description of any documents, records, or things documenting or involved in such act, occurrence, or fact.

## INTERROGATORIES

**1.** State your name, business address, and the title or office you hold in the co-defendant NALCO CHEMICAL, INC..

**2.** Describe in full and not in a summary manner the facts and basis upon which co-defendants rely for each and every denial and affirmative defense asserted in the Answers to plaintiff's Complaint.

**3.** State the names and titles of the individuals who have responsibility for and control of labor relations and/or human resources activities within co-defendant NALCO CHEMICAL, INC., at the same reporting offices and geographic regions or locations as plaintiff  from January 2007 until the present date and state as to each such officer or individual:

**a.** Name, address, gender, age, national origin and race;

**b.** Employment history with the defendant, including job duties and dates;

**4.** Please identify each person who has been at the same grade level or above that of plaintiff's within co-defendant NALCO CHEMICAL, INC., at the same reporting offices and geographic regions or locations as plaintiff, from January 2007 until the present date and state as to each:

**a.** Name, address, gender, age, national origin and race;

**b.** Office held;

**c.** Duties and responsibilities of the office;

**5.** From January 2007 until the present day, list for each NALCO CHEMICAL, INC. employee who has been a promotee:

**a.** name, gender, age, national origin, and date of promotion;

**b.** job promoted from, with its corresponding salary grade and department;

**c.** job promoted into, with its corresponding job description and criteria, selection devices and procedures, salary grade and department;

**d.** justifications and reasons why promotee was selected over others;

**e.** date and position of initial hire, with its corresponding salary grade and department;

**f.** other positions held with employer, with their corresponding salary grade and department;

**g.** supervisors and officials involved with promotion and the nature of their involvement;

**h.** copy of personnel file and all documents related to the above promotions.

**6.** Within co-defendant NALCO CHEMICAL, INC., at the same reporting offices and geographic regions or locations as plaintiff, from January 2006 until the present date, state the following workforce breakdown:

**a.** total number of employees;

4

**b.** number of employees over 40;

**c.** number of employees of Puerto Rican national origin.

**7.** Identify each liability insurance policy held by co-defendant NALCO CHEMICAL, INC. covering any of the claims made in the complaint or which may cover any of the claims made in the complaint. Set forth the policy number(s), policy type, limits of coverage, and if the insurer has issued any notice regarding a reservation of rights or the like, describe and explain the notice and substance of same.

**8.** Did any of Plaintiff's supervisors or any other employee of yours keep an ''unofficial'' file on plaintiff, including documents that are not contained in the official personnel record? If your answer is ''yes,'' please identify who kept such a file and produce copies of documents contained in each such ''unofficial'' personnel file.

**9.** Identify all persons with knowledge or information relevant to the claims in this action, including, <u>but no limited to</u>:

        **a.** all persons in NALCO CHEMICAL, INC. who have employed and/or supervised plaintiff during the time of the alleged discriminatory acts;

        **b.** all witnesses or other persons with knowledge or information regarding the events that are alleged to be discriminatory, specifying which witness or other person has knowledge or information regarding which event;

        **c.** all persons who have acted on plaintiffs behalf with respect to, or have investigated, the matters set forth in the complaint;

        **d.** any NALCO CHEMICAL, INC. employee, agent or representative or any person purporting to act on behalf of NALCO CHEMICAL, INC.

who has made any oral or written statement to anyone, including plaintiff, regarding the matters set forth in the complaint;

**e.** all persons who have written any report or made any written statement in connection with any of the matters set forth in the complaint;

**f.** all persons with possession, custody or control of any report or statement made by any person identified in response to the matters set forth in the complaint;

**g.** any other individual not listed above with knowledge or information concerning the subject matter of this action.

**10.** Identify each and every expert witness that co-defendant NALCO CHEMICAL, INC. will call to testify at trial, and for each expert state:

**a.** field of specialty or expertise;

**b.** any sub-specialties of the witness within his or her field of expertise;

**c.** subject matter on which he or she is expected to testify;

**d.** all opinions as which he or she is expected to express and the basis and reasons therefore;

**e.** data or other information he or she considered in forming his or her opinion(s);

**f.** exhibits to be used as a summary of or support for his or her opinion(s);His or her qualifications, including a list of all publications that he or she authored within 10 years preceding the date of this request;

**g.** compensation paid and to be paid to him or her for the study and the testimony; and

6

**h.** all other cases in which he or she has testified as an expert at trial or by deposition within four years preceding the date of this request.

**11.** Please describe how information on such matters as employee's race, gender, or national origin is maintained and stored by the co-defendant NALCO CHEMICAL, INC.

**12.** List all data bases which NALCO CHEMICAL, INC. maintains or has maintained, and which are in its possession, from which information can be obtained to determine, for individual employees or for applicants for employment, all or any part of the biographical data or conditions of employment listed below:

**a.** age or date of birth;

**b.** all seniority dates which may be used for purposes of progression, demotion, lay-off, recall,

**c.** date of hire;

**d.** date and reason for termination;

**e.** permanent or temporary job assignments, and the initial dates of such assignments;

**f.** rates of pay, and the initial dates of such rates;

**g.** dates of all layoffs, recalls, leaves of absence, or other extended absences from work;

**h.** relative standing or position, such as seniority;

**i.** dates of transfer between divisions, departments, groups, management structure, role based assignments, or any of their equivalents;

7

**j.** formal education, vocational training, specialized training or seminars, professional licenses or certifications;

**k.** prior to joining NALCO CHEMICAL, INC., previous work experience, training, or qualifications;

**l.** internal applications to job postings, requests or bids for promotion or transfer;

**m.** refusals to promote, transfer , or grant appointment to internal jobs;

**n.** gross earnings per year, payroll run or pay period;

13. For each data base identified in the above Interrogatory, indicate for all relevant questions:

**a.** which information listed in the interrogatory, a through p, is contained therein;

**b.** which employees are included;

**c.** what period of time is covered;

**d.** which frequency, or how often, is a copy or backup of the data base made;

**e.** which is the periodicity of data update from transactional records;

**f.** what are the sources of transactional records or entries, from which updates are performed;

**g.** which is the type of data storage device or medium, in which the data base and transactional records are kept;

**h.** which are the programming languages, pre-packaged software, data base management systems and applications used to create or

process, maintain and keep the data base and transactional records.

**14.** List names, titles, contact information, and job description duties for all individuals or organizations responsible for maintaining electronic processing systems, networks, servers, and data security measures.

**15.** List all network servers and workstations, identifying individuals or organizations responsible for the ongoing operations, maintenance, expansion, archiving and upkeep of each.

**16.** List all applications and other software residing on each network in use, including but not limited to electronic mail and applications.

**17.** List all user identification numbers or names necessary for accessing the electronic processing systems or software applications requested in this document.

**18.** List all computer security policies in place at all times relevant to this complaint, including named individuals and contact information of those responsible for supervising security, and granting each applications security settings and administrative rights.

**19.** Identify all documents on which co-defendants rely in support of their responses to all of the above Interrogatories, 1 through 18.

### REQUEST FOR PRODUCTION OF DOCUMENTS

**NALCO CHEMICAL'S STRUCTURAL FRAMEWORK**

**1.** All files identifying the nature of NALCO CHEMICAL, INC.'s operations, physical locations, and organizational structure, including agents, principals, officers, officials, directors, and any others who have or

might have any responsibility for the development of NALCO CHEMICAL, INC. policy.

**2.** All organizational charts, personnel charts, descriptions, lists, tables, flow charts or other similar documents that show the identities, titles or responsibilities of NALCO CHEMICAL, INC.'s agents, principals, officers, officials, directors, and any others who have or might have influence or authority over personnel, recruitment, hiring, selection, training, disciplining, demoting, terminating or accommodating any disability.

**3.** For all individuals identified above as being in a job classification exceeding that of plaintiff's within NALCO CHEMICAL, INC.'s chain of command, regardless of whether or not they are named or unnamed co-defendants:

      **a.** description of all their job duties and scope of authority;

      **b.** formal job descriptions;

**NALCO CHEMICAL'S INTERNAL GOVERNANCE ENVIRONMENT**

**4.** NALCO CHEMICAL, INC.'s published anti-harassment and anti-discrimination policies and training procedures, and any supervisory handbooks, employee handbooks, training materials and documents where such policies are referenced.

**5.** NALCO CHEMICAL, INC.'s published handbooks and manuals, policies, procedures, notices, or directives pertaining to:

      **a.** employee discipline, demotion, transfer, assignment or re-assignment, layoff, discharge or termination, compensation, fringe benefits, bonus pay, merit raises and other incentives;

    **b.** recruitment, selection and hiring, objective testing, subjective evaluation, position requirements, job postings, job assignments, seniority system, training programs, skill acquisition opportunities or promotion.

**6.** NALCO CHEMICAL, INC.'s published official – or unpublished and unofficial – job postings, offers of employment, vacancies and promotional openings and opportunities from January 2007 to the present date.

## NALCO CHEMICAL'S INTERNAL AND REGULATORY RECORD KEEPING

**7.** All records maintained by NALCO CHEMICAL, INC. as required by federal law, including, but not limited to:

      **a.** Title VII;

      **b.** Executive Order 11246;

      **c.** Age Discrimination in Employment Act;

      **d.** Immigration Reform and Control Act;

      **e.** Fair Labor Standards Act;

      **f.** Rehabilitation Act of 1973;

      **g.** Americans With Disabilities Act;

      **h.** Family and Medical Leave Act.

**8.** For all NALCO CHEMICAL, INC. personnel and external contractors working or on assignment, temporary or permanent, at the same geographic regions or locations as plaintiff  from January 2004 until the present date, provide all records held or examined to establish employment authorization and identity, such as: United States passport; Certificate of United States Citizenship; Certificate of naturalization; Unexpired foreign passport with unexpired Form I-551; Form I-94 with unexpired

employment authorization stamp; Resident alien card; Temporary resident card; Employment authorization card.

**9.** For all individuals for which a record is produced in response to the request above, and who work or have worked under an employment visa, provide also their corresponding Labor Certification package and Visa application package.

**10.** Any and all documents which NALCO CHEMICAL, INC. is required to file or has filed with any state or federal agency dealing with race, color, gender, age, national origin, or disability of its employees.

**11.** All studies, reports, or analysis done by internal staff, consultants, government agencies, or others related to any and all of NALCO CHEMICAL, INC.'s employment practices, policies, procedures, or employee statistical breakdown.

**12.** All documents which indicate the breakdown of NALCO CHEMICAL, INC.'s workforce by each of the following characteristics: date of hire, rate of pay, date of birth, gender, and national origin at the present time and during plaintiff's employment with NALCO CHEMICAL, INC..

**13.** All documents which indicate the breakdown of NALCO CHEMICAL, INC.'s applicant pool by each of the following characteristics: qualifications, date of application, position applied for and its rate of pay, date of birth, national origin and gender, and the final disposition of the application, at the present time and during plaintiff's employment with NALCO CHEMICAL, INC..

**14.** All formal or informal complaints of both harassment and discrimination made against NALCO CHEMICAL, INC., or against any of the co-defendants, either in their personal capacity or as agents of NALCO

CHEMICAL, INC., internal to NALCO CHEMICAL, INC. or before any administrative or judicial forum, including, but not limited to: Equal Employment Opportunity Commission, the Office of Federal Contract Compliance Programs, any other federal program, or any state or municipal agency dealing with gender, national origin, disability or age discrimination.

**NALCO CHEMICAL'S DOCUMENTS RELATED TO THIS LITIGATION**

**15.** All documents on which co-defendants rely in support of their responses to the above Interrogatories.

**16.** All documents pertaining to plaintiff's hiring, performance reports, promotions or demotions, applications for internal job postings, warnings or disciplinary exceptions, and termination.

**17.** All reports or other written statements, written by or to the persons identified in response to any of the preceding interrogatories, relating to the matters alleged in the complaint.

**18.** Employee records and all files relating to plaintiff and all personnel within co-defendant NALCO CHEMICAL, INC., at the same reporting offices and geographic regions or locations as plaintiff  from January 2007 until the present date including, but not limited to: personnel file, duties and responsibilities, salary, promotions, evaluations, discipline, payroll records, earnings records, fringe benefit and overtime records.

**19.** All documents submitted to the EEOC, or to any state or federal government agency in connection with the matters alleged in the complaint.

**20.** All files relating to plaintiff where there has been any discussion, mention, consideration or proposal of plaintiff's  assignment, re-assignment, discharge, layoff or retirement.

**21.** All notes, memoranda, records, documents, writings or communications memorializing or in any way recording or reflecting any words, statements, declarations, or conversations by plaintiff, any of the co-defendants, or any of NALCO CHEMICAL, INC.'s agents, principals, officers, officials, directors, and any others regarding the plaintiff's job performance and employment relationship with NALCO CHEMICAL, INC..

**22.** Any and all letters, notes, memoranda, or records of any kind including adverse, negative, or favorable comments regarding plaintiff during all times relevant to this complaint.

**23.** All documents which constitute, comment on, or reflect the facts and circumstances of any comparison made between the training, experience, abilities, job duties and job performance of plaintiff, and other similarly situated NALCO CHEMICAL, INC. employees or applicants.

**24.** All documents which you intend to introduce into evidence at the trial of this case or may be used to refresh the recollections of witnesses at depositions or trial.

**25.** All documents which NALCO CHEMICAL, INC. contends support the denials and defenses asserted in the answer to the complaint, or that relate to any claims asserted by any of the co-defendants.

**26.** For each expert named in response to the interrogatories above:

   **a.** A curriculum vitae, including qualifications and a list of all publications authored by the witness within the preceding 10 years;

   **b.** All documents considered by the expert in connection with his or her services in this matter;

c. All documents supplied to the expert by plaintiff; and any report and accompanying exhibits produced by the expert in connection with his or her services in this matter.

Respectfully submitted in New York, this 9th day of September, 2009

S/William Meléndez Menéndez
William Meléndez Menéndez
USDC-PR No. 226902

Cuadros & Cuadros
701 Ponce de León Ave. Suite 215
San Juan, Puerto Rico 00907
We.Melendez@e-Lex.us