UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DONATO APONTE NAVEDO, *et. al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NALCO CHEMICAL COMPANY, *et. al.*, <br><br> Defendants. | CIVIL NO. 09-01232 (JA) <br><br><br> TITLE VII VIOLATIONS, AGE, GENDER AND NATIONAL ORIGIN DISCRIMINATION, AMERICANS WITH DISABILITIES ACT AND TORTS <br><br> PLAINTIFFS DEMAND TRIAL BY JURY |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' OMNIBUS MOTION FOR DISCOVERY ORDERS**

TO THE HONORABLE COURT:

**COMES NOW** codefendant Nalco Company f/k/a Nalco Chemical Company ("**NALCO**"), through the undersigned attorneys, and respectfully states, alleges and prays as follows:

1. On March 25, 2010 plaintiffs filed an "Omnibus Motion for Discovery Orders." Somewhat amusingly, in that motion plaintiffs accuse NALCO of engaging in "gamesmanship, spiteful rhetoric, and the proliferation of an unnecessary motion practice" - in a motion that is unnecessary and duplicative of motions already pending before this Court. Nonetheless, a motion invites a response, and so NALCO responds to the plaintiffs' Omnibus Motion.

2. Plaintiffs have filed three motions to compel already in this case, all of which have been opposed by NALCO. See docket nos. 41, 44, 45, 46, 47, 49, 51 and 52. Additionally, NALCO has filed a motion for a protective order concerning a Notice of Rule 30(B)(6) deposition served by Plaintiffs upon NALCO. See docket no. 54. All of these motions essentially turn upon the appropriate scope of discovery in this case. It is not NALCO's intention to reargue its position in those motions here, and this Court should not allow the Plaintiffs to circumvent this Court's Local Rules concerning replies by considering arguments raised in the "Omnibus Motion" concerning these pending motions in lieu of obtaining leave to file replies to NALCO's opposition.[1] Those motions are submitted for the Court's determination.[2]

3. NALCO is constrained to respond to some of the more fanciful allegations of Plaintiffs' motion, however. First, Plaintiffs suggest that co-defendant Jorge Castillo has "inexplicably" disappeared and that NALCO's inability to state his present location is "curious." The fact of the matter is that Jorge Castillo no longer works for NALCO and has not since May 31, 2009; there is nothing either mysterious or curious about a company's not

---

[1] This is especially so given the fact that the 7 day time limit prescribed by the Local Rules within which to request leave to reply for each of these motions has long expired. See Local Rule 7(c).

[2] NALCO continues to believe that perhaps the best method of resolving these and all other outstanding discovery issues in this case is through a conference with the Court.

knowing the location of a former employee who has not worked for the company for almost a year.[3]

4.      Next, Plaintiffs allege that NALCO has refused to produce discovery requests concerning Jorge Ortíz and Stephanie Glashagel, citing to NALCO's objection to Plaintiffs' discovery request for **every e-mail sent or received** by those individuals (along with 14 others) over a four-year period. Plaintiffs would have this Court believe that their request was reasonable - and it might have been, had it been limited to those e-mails dealing with the Plaintiff's work environment and his termination, which are the only pertinent liability issues in this case. Of course, the request as drafted and served (and objected to) was much broader than that and thus objectionable. NALCO has not, as Plaintiffs have suggested, stated that "[Castillo, Ortíz and Glashagel] have nothing to do with the current litigation" (Docket no. 53, p. 6. ¶ 13); what NALCO has said is that it is not required to produce documents or e-mails or other electronic files that have nothing to do with the Plaintiff's causes of action, which is a significantly distinct argument.

5.      It is also interesting that Plaintiffs apparently consider compliance with this Court's Local Rules a "trite" duty. Docket no. 53, p. 7, ¶ 15. Trite though it may be, compliance with the Rules is the obligation of every litigant in this Court and NALCO will

---

[3] NALCO notes that the Plaintiffs have apparently not yet served Mr. Castillo, who is, after all, a co-defendant ion the case.

not hesitate to point out violations of those rules, especially when they place NALCO at an unwarranted and unfair disadvantage.

6.  The bottom line is that after 13 pages of rhetoric and red herrings, the Plaintiffs' requested relief is as follows:

*A. Leave to depose co-defendant Ashok Paul Duggal* - NALCO and Mr. Duggal have no objection to producing him at a mutually convenient time for the parties;

*B. Leave to conduct a Rule 30(b)(6) deposition of NALCO* - Again, NALCO does not object to producing a 30 (b)(6) deponent, so long as the topics to be covered are within the scope of discovery and the deposition is conducted in the appropriate location, as outlined in NALCO's motion for a protective order, docket no. 54;

*C. Leave to serve third-party subpoenas for documents* - NALCO has no objection to the service of proper third-party subpoenas, so long that plaintiffs serve it with a copy of any such subpoena pursuant to Fed.R.Civ.P. 45(b)(1) and reserving the right, when the subpoena is actually issued, to object to the subpoena or move to quash it should it ostensibly require the production of privileged or other non-discoverable material;

*D. An order compelling NALCO to pay attorneys' fees and costs* - NALCO, of course, does object to this request, as plaintiff has not demonstrated any failure by NALCO to respond to appropriate discovery requests.

7.      NALCO recognizes that due to the discovery disputes that have arisen and are pending, it has not been possible for the parties to adhere to the discovery schedule previously agreed to, and it has no objection to a modification of the discovery schedule. Such a modification would be more likely to be effective and productive if the pending discovery disputes are first resolved.

**WHEREFORE**, codefendant Nalco Company f/k/a Nalco Chemical Company ("**NALCO**") respectfully requests that the Plaintiffs' Omnibus Motion for Discovery Orders be denied as drafted, consistent with this Opposition.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 12th day of April 2010.

**WE HEREBY CERTIFY**: That on this same date we electronically filed this motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

s/ James W. McCartney
James W. McCartney
USDC-PR No. 211511
**CANCIO, NADAL, RIVERA & DÍAZ, P.S.C.**
PO Box 364966
San Juan, PR 00936-4966
Tel. (787) 767-9625
Fax  (787) 764-4430/622-2238
jmccartney@cnrd.com