IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DONATO APONTE-NAVEDO, et al.

Plaintiffs

v.                                                    CIVIL 09-1232 (JA)

NALCO CHEMICAL COMPANY, et al.

Defendants

OPINION AND ORDER

This matter is before the court on two motions to compel discovery filed by plaintiffs, Donato Aponte-Navedo ("Mr. Aponte") and Belkis Isabel Santiago-Martínez, against the defendants, Nalco Chemical Company ("Nalco"), Ashok Paul Duggal ("Mr. Duggal"), his wife Somarie Santiago and the conjugal partnership constituted between them.  (Docket Nos. 41 & 47.)  Plaintiffs' motions were all opposed by the defendants.  (Docket Nos. 45 & 49.)  Plaintiffs replied only to the defendants' opposition to the second motion to compel.  (Docket No. 51.)  For the reasons set forth below, the first motion to compel is GRANTED in part and DENIED in part, and the second motion to compel is DENIED.

I. BACKGROUND

On March 10, 2009, plaintiffs filed a complaint for employment discrimination against the defendants.  (Docket No. 1, at 1, ¶ 1.)  The complaint was answered by the defendants on July 7, 2009 and August 13, 2009.  (Docket

CIVIL 09-1232 (JA)                          2

Nos. 15 & 27.)   On September 18, 2009, the Initial Scheduling Conference Memorandum ("ISCM") was filed by the parties.  (Docket No. 32.)  According to the ISCM the parties were in the process of compiling and exchanging electronically stored information ("ESI") composition and had notified each other by e-mail interrogatories and requests for production of documents on September 9, 2009.  They were to have responded to the interrogatories and the requests for production of documents on or before October 27, 2009.  (Id. at 34.) Also, plaintiffs' expert witness report was to be notified on or before October 26, 2009. (Id.)  The defendants were to announce their expert witness, if any, by November 27, 2009.  (Id. at 35.)   The parties also set aside several dates in February, 2010, for depositions.  (Id.)

On January 11, 2010, plaintiffs filed a motion requesting that the court issue an order compelling the defendants to respond to their:  (1) ESI inquiries, and (2) discovery requests in the redrafted first set of interrogatories and request for production of documents.  (Docket No. 41, at 9.)  On January 26, 2010, plaintiffs filed a brief in support of the motion to compel, arguing that since the defendants' objections were not made within 10 days as directed by Local Rule 7(b), the motion to compel had to be deemed as unopposed.  (Docket No. 44, at 2-3, ¶¶ 5 & 6.)

CIVIL 09-1232 (JA)                    3

The defendants opposed plaintiffs' motion to compel on January 28, 2010. (Docket No. 45.)  In essence, they argue that plaintiffs' motion has to be denied because the discovery request is overbroad.  (Id. at 2.)  Shortly thereafter, on February 3, 2010, the defendants filed a motion in opposition to plaintiffs' brief in support of the motion to compel.  (Docket No. 46, at 2, ¶ 2.)  The defendants contend that due to a recent amendment to Local Rule 7(b), objections to the motion to compel were not due until January 28, 2010.  (Id.)

On February 24, 2010, plaintiffs filed a motion requesting that the court order the defendants to answer a request for production of documents that was served on January 15, 2010.  (Docket No. 47.)  Plaintiffs argue the defendants have no choice but to comply with their discovery request because the objections were both  ineffective and untimely.  (Id. at 2-4, ¶¶ 7, 10 & 11.)

On March 11, 2010, plaintiffs filed a notice for the taking of deposition of Nalco, which the defendants immediately moved to strike.  (Docket Nos. 48 & 49.) The defendants also opposed plaintiffs' second motion to compel.  (Docket No 50.) With regard to the notice for the taking of deposition, the defendants argue that it must be stricken because Local Rule 26(a) specifically provides that discovery cannot be filed with the court.  (Docket No. 50.)  As to the second motion to compel, the defendants contend that it should be denied because the discovery request was not properly served pursuant to Federal Rule of Civil Procedure 5.

CIVIL 09-1232 (JA)                    4

(Docket No. 49 at 1, n.1.)  According to the defendants' claim, the discovery request was served via email.  (Id. at 1, ¶ 1.)  Also, the defendants claim that plaintiffs failed to comply with Local Rule 26(b) because their motion does not certify that they either conferred or attempted to confer in an effort to try and solve the discovery dispute.  (Id. at 2, ¶ 2.)

On March 17, 2010, plaintiffs replied to the defendants' opposition to the second motion to compel.  (Docket No. 51.)  Plaintiffs contend, among other things, that discovery was properly served pursuant to Local Rule 5.1(c).  (Id. at 2, ¶ 2.)  On that same day,  the defendants filed a motion to strike plaintiffs' reply memorandum.  (Docket No. 52.)  According to the defendants, plaintiffs neither sought nor obtained prior leave of the court to filed the reply as required by Local Rule 7(c).  (Id. at 1-2, ¶ 1.)  The defendants, therefore, request that the court not consider plaintiffs' motion.  (Id.)

On March 25, 2010, plaintiffs filed an omnibus motion for discovery orders. (Docket No. 53.)  Plaintiffs essentially seek leave to depose co-defendant Mr. Duggal and a corporate representative of co-defendant Nalco, and to issue subpoenas for production of documents on Amgen Pharmaceutical ("Amgen") and Bank of America Commercial Card Services ("BACCS").  (Id. at 10-12, ¶¶ 21-22.) In addition, plaintiffs request that the court order the defendants to propose three alternative dates to depose Mr. Duggal and Nalco's corporate representative,

CIVIL 09-1232 (JA)                              5

identify and provide the curriculum vitae of the designated corporate representative to be deposed, and pay attorneys fees and costs associated with the filing of the motion.  (Id. at 10-11, ¶ 21 & at 13.)

On April 9, 2010, the defendants filed an motion for protective order to preclude plaintiffs from deposing Nalco. (Docket No. 54.)   According to the defendants there are two problems with the notice of deposition.  (Id. at 2, ¶ 4.) First, the defendants claim that the notice states that the deposition is supposed to take place in San Juan.  (Id.)   However, the defendants argue that the deposition has to take place in Naperville, Illinois, because that is where Nalco's principal place of business is located.  (Id.) Second, the defendants claim that the topics of the proposed deposition are overly broad.  (Id. at 3, ¶ 5.)   The defendants claim that plaintiffs seek to expand the reach of discovery by including topics, computer systems and databases beyond the relevant issues in this case. (Id. at 4.)

On April 12, 2010, the defendants responded to plaintiffs' omnibus motion for discovery orders.  (Docket No. 55.)   According to the defendants, they have no objection as to plaintiffs' request to depose either Mr. Duggal and/or a corporate representative of Nalco, so long as the topics to be covered are within the scope of discovery and the depositions are conducted in the appropriate

CIVIL 09-1232 (JA)                                6

locations.  (Id. at 4, ¶ 6.)  The defendants only oppose plaintiffs' request for

attorney's fees and costs associated with the filing of the motion.  (Id.)

On April 26, 2010, plaintiffs filed an opposition to the defendants' request

for protective order.  (Docket No. 56.)  Plaintiffs argue that since the defendants

failed  to meet the requirements of Federal Rule of Civil Procedure 26(c), the

motion for protective order must be denied.  (Id. at 2, ¶ 6.)

II.  ANALYSIS

A.    First Motion to Compel

1.    Local Rule 7(b)

Plaintiffs argue that the defendants waived their right to controvert the facts

asserted in the motion to compel, because they failed to file written objections

within 10 days as required by Local Rule 7(b). (Docket No. 44.)  The defendants,

however, claim that there are two reasons reflecting that the objections were filed

on time.  (Docket No. 46, at 2, ¶ 2.)  First, Local Rule 7(b) was amended to

extend the time to file written objections from 10 to 14 days.  (Id.)  Second,

Federal Rule of Civil Procedure 6 provides an additional three days to deadlines

when service is made via the CM/ECF system.  (Id.)  The defendants, thus, claim

that the objections were not due until January 28, 2010.  (Id.)

The local rules were amended December 3, 2009.  As a result, Local Rule

7(b) now provides that "[u]nless within fourteen (14) days after the service of a

CIVIL 09-1232 (JA)                      7

motion the opposing party files a written objection to the motion, incorporating

a memorandum of law, the opposing party shall be deemed to have waived

objection." Local Rules of the U.S. Dist. Court for the Dist. of P.R. Rule 7(b).

Thus, the defendants had 14 days to oppose plaintiffs' motion to compel. Since

the motion was filed on January 11, 2010, the defendant had until January 25,

2010, to oppose. However, Federal Rule of Civil Procedure 6(d) states that

"[w]hen a party may or must act within a specified time after service and service

is made under [Rule 5(b)(2)(E)] 3 days are added after the period would

otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). Rule 5(b)(2)(E) states

that a pleading or other paper may be served by "sending it by electronic means

if the person consented in writing--in which event service is complete upon

transmission, but is not effective if the serving party learns that it did not reach

the person to be served[.]" Fed. R. Civ. P. 5(b)(2)(E). It is clear then, that "when

a pleading or other paper is served through the [CM/ECF system] . . . [Rule 6(d)]

will apply." 4B Charles Alan Wright  & Arthur R. Miller, Federal Practice and

Procedure § 1171 (3d ed. 2002). Hence, the defendants had until January 28,

2010, to oppose the  motion to compel. Therefore, since the defendants filed the

written objections on that date, plaintiffs' motion is not deemed unopposed.

(Docket No. 45.)

       2.   First Set of Interrogatories and Request for Production of
          Documents

CIVIL 09-1232 (JA)                      8

Plaintiffs argue that since the ESI inquiries were not answered, Nalco was served with a first set of interrogatories and request for production of documents. (Docket. No. 41, at 2, ¶ 3.)  According to plaintiffs, the defendants failed to comply, once again, with the discovery requests.  (Id. at 3, ¶ 6.)  They claim, however, that the defendants later agreed to comply with all outstanding discovery requests, provided their scope was reduced or limited.  (Id. at 3, ¶ 7.)  As a result, a redrafted first set of interrogatories and request for production on documents was served on the defendants. (Docket No. 41-8.)  However, plaintiffs claim that the discovery requests were not properly answered by the defendants. (Docket No. 41, at 4, ¶ 10.)  Plaintiffs stress that in order for them to prove their claims, the defendants must be compelled to provide the information requested. (Id. at 6, ¶ 22.)

The defendants contend that plaintiffs' discovery request is overly broad. (Docket No. 45, at 3.)  Specifically, the defendants object to interrogatory No. 5 of plaintiffs' redrafted interrogatories and request for production of documents, which reads as follows:

> 5.    From January 2007 until the present day, list for each NALCO CHEMICAL, INC., employee who has received a promotion, or who's conditions of employment have improved as compared to those conditions of others within the following delimited and narrowly defined reference group: employees who have been under the scope of authority, chain of command, area of responsibility, reported to or

CIVIL 09-1232 (JA)                          9

been accountable in any way, formally or informally, on an institutional or project basis, to any of the following named co-defendants: José Serrano, Jorge Castillo and Ashok Paul Duggal:

     a.    name, gender, age, national origin, and date of promotion;

     b.    job promoted from, with its corresponding salary grade and department;

     c.    job promoted into, with its corresponding job description and criteria, selection devices and procedures, salary grade and department;

     d.    justifications and reasons why promotee was selected over others;

     e.    date and position of initial hire, with its corresponding salary grade and department;

     f.    other positions held with employer, with their corresponding salary grade and department;

     g.    supervisors and officials involved with promotion and the nature of their involvement;

     h.    copy of personnel file and all documents related to the above promotions.

(Docket No. 41-8, at 1 & Docket No. 45, at 5.)

According to the defendants, the request is too broad because it seeks information concerning employees outside of the Puerto Rico office even though plaintiff was terminated by his manager in Puerto Rico.  (Docket No. 45, at 6.)

CIVIL 09-1232 (JA)                    10

The defendants argue that plaintiffs' claim is one of disparate treatment, not disparate impact.  (Id.)  In other words, the defendants believe the request is overly broad because it goes beyond Mr. Aponte's work unit without showing a particularized need for the information sought.  (Id. at 6 & 7.)  Furthermore, the defendants argue that despite that this is not a failure to promote case,  plaintiffs are also seeking information concerning employees who were promoted.  (Id.)  The defendants claim that plaintiffs have not shown why decisions on promotion are relevant to either the alleged hostile environment that Mr. Aponte supposedly endured or to his unjust termination claim.  (Id.)

Also, the defendants contend that interrogatories 12-18 all concern databases and computer information beyond the scope of Nalco's Puerto Rico office.  (Id.)  The defendants claim that all documents related to employees, including performance reviews and documentation relating to the termination decisions are kept in personnel files.  (Id.)  The defendants state that Nalco does have an electronic database where employee information is stored, located in Naperville, Illinois.  However, they claim that beyond that database, plaintiffs' request for information regarding other non Puerto Rico ESI databases is overboard and not reasonably calculated to lead to admissible evidence.  (Id. at 7 & 8.)

CIVIL 09-1232 (JA)                              11

As to plaintiff's request for production of documents, the defendants claim

that it is also overly broad and seeks information not reasonably calculated to lead

to admissible evidence.  (Id.)  For example, the defendants object to request No.

1 which reads as follows:

> From January 2007 until the present day, and in support
> of the organizations to which belong the same delimited
> and narrowly defined reference group as laid out for
> Interrogatory 5, above:  All files identifying the nature of
> NALCO CHEMICAL, INC.'s operations, physical locations,
> and organizational structure, including agents, principals,
> officers, officials, directors, and any others who have or
> might have any responsibility for the development of
> NALCO CHEMICAL, INC. policy.

(Docket No. 41-8, at 5, ¶ 1.)

The defendants claim that this request like all others would require Nalco to

produce every file in its possession worldwide.  (Docket No. 45, at 8.)  The

defendants state that a production of this magnitude is neither justified by

relevance to plaintiff's claim nor by the importance of the issues at stake in the

action or the importance of the discovery in resolving the issues.  (Id.)  Plaintiffs,

however, posit that the defendants' objections fail on their face to comply with the

specificity requirement of Federal Rules of Civil Procedure 33 and 34.  (Docket No.

41, at 7, ¶ 25.)

Rule 33(b)(4) states that:  "[t]he grounds for objecting to an interrogatory

must be stated with specificity.  Any ground not stated in a timely objection is

CIVIL 09-1232 (JA)                    12

waived unless the court, for good cause, excuses the failure."  Fed. R. Civ. P. 33(b)(4).  Rule 34(b)(2)(C), on the other, provides that:  "[a]n objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(C).

It is well settled that:

> [t]he party resisting production bears the burden of establishing lack of relevancy or undue burden . . . . [T]he "mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." . . . "On the contrary, the party resisting discovery must show specifically how . . . each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.'"

Sánchez-Medina v. UNICCO Serv. Co., 265 F.R.D. 24, 27 (D.P.R. 2009) (quoting St. Paul Reinsurance Co. v. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (citations omitted)).  In their response to the redrafted interrogatories and request for production of documents, the defendants explained to plaintiffs that the information requested in interrogatory No. 5 regarding employees that had been promoted or whose conditions of employment improved compared to others who were under the authority of a narrowly defined group comprised of Mr. Serrano, Mr. Castillo and Mr. Duggal was still overly broad.  (Docket No. 41-10.)

The defendants stated that in the case of Mr. Serrano 615 employees were under his supervision, 166 in Mexico, 260 in Brazil, 23 in Argentina, 52 in Chile,

CIVIL 09-1232 (JA)                    13

67 in Colombia, 28 in Venezuela, 5 in Trinidad, 5 in the Dominican Republic, 2 in the United States and 7 in Puerto Rico.  (Id.)  According to the defendants, information concerning employees in foreign jurisdictions, who are not subject to United States equal employment opportunity statutes but instead to the laws of their several nations, would not lead to admissible evidence regarding an alleged hostile work environment and an alleged wrongful termination in Puerto Rico. (Id.) Also, in their answer the defendants informed plaintiffs that the information they were seeking was not relevant because their claims are for hostile work and wrongful termination, not failure to promote.  (Id.)  As to electronic discovery requests contained in the other interrogatories, specifically interrogatories 12 through 18, the defendants informed plaintiffs that once an appropriate scope was established, they would produce the information requested.  (Id.)  The defendants also stated that plaintiffs had failed to show that discovery of Nalco's databases was necessary at  this stage of the proceedings.  (Id.)

    "Discovery in disparate treatment cases has been limited to employees within certain work units and who have suffered similar treatment as the plaintiff." Whittingham v. Amherst Coll., 164 F.R.D. 124, 127 (D. Mass. 1995) (citing Robbins v. Camden City Bd. of Educ., 105 F.R.D. 49 (D.N.J. 1985)).  Thus, open ended reviews of corporate records are not allowed.  Briddell v. Saint Gobain Abrasives Inc., 233 F.R.D. 57, 60 (D. Mass. 2005).  In order to avoid overly broad

CIVIL 09-1232 (JA)                    14

and unduly burdensome requests, discovery may be limited both geographically and temporally.  Id.  (citing Glenn v. Williams, 209 F.R.D. 279, 281-82 (D.D.C. 2002)).

Plaintiffs' claims in this case were brought pursuant to 29 U.S.C. § 626, Section 7(b) of the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 1981, 42 U.S.C. § 12101, Americans with Disabilities Act "("ADA"), 42 U.S.C. § 2000, and  Title VII of the Civil Rights Act of 1964 ("Title VII").  (Docket No. 1, at 2-3, ¶ 2.)  However, nowhere is it alleged in the complaint that the discrimination claims are based on failure to promote.   Furthermore, if Mr. Aponte was terminated from his employment in Puerto Rico, discovery cannot go beyond his work unit without showing a valid need to do so.   See McDougall-Wilson v. Goodyear Tire & Rubber Co., 232 F.R.D. 246, 253 (E.D.N.C. 2005).

Plaintiffs claim that the information requested, which primarily consists of personnel files, is essential  in order for them to prove their claims.  (Docket No. 41, at 6, ¶ 22.)  This conclusory assertion is not enough to entitle plaintiffs to be handed entire files of employees, much less conduct discovery beyond Mr. Aponte's work unit.  In short, plaintiffs fail to make a particularized showing that the information requested is in any way relevant to his claims. See Whittingham v. Amherst College, 164 F.R.D. at 127-28.

CIVIL 09-1232 (JA)                         15

As to the defendants' objections regarding the scope of the other interrogatories, although the interrogatories were not made individually, it does not mean that they are improper.  The information requested by plaintiffs in interrogatories 12 through 18 is based on the narrowly defined group laid out in interrogatory No. 5, which the defendants objected to as overly broad.  Thus, an objection much like the one made by the defendants, "may be sustained if the interrogatory objected to is adequately covered by other interrogatories."  8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2174 (3d ed. 2002).  The same can be said of the defendants' objections to plaintiffs' request for production of documents.  Like the interrogatories, plaintiffs' request for production of documents is overbroad because it is based on the same scope set forth in interrogatory No. 5.  (Docket No. 41-10.)  Therefore, the defendants' objections to the interrogatories and the request for production of documents are not deficient.  Accordingly, plaintiffs' discovery request will be limited to Nalco's Puerto Rico databases located in Naperville, Illinois.

           3.    ESI Inquiries

Plaintiffs claim that during a meeting on August 25, 2009, the defendants agreed to address their ESI inquiries before exchanging formal discovery requests. (Docket No. 41, at 1, ¶ 1.)  The ESI inquiries required the defendants to identify

CIVIL 09-1232 (JA)                           16

the following:  (1) databases and data structures which Nalco maintains or has

maintained, and which are now in its possession, from which statistical

employment information can be obtained or produced; (2) Nalco's information

technology infrastructure, including: manufacturer, model number, operating

system, input/output devices, and other peripherals; (3) Nalco's network

infrastructure; (4) software programs that have been, or are currently, in use by

Nalco, including desktop productivity tools, integrated enterprise resource

management systems, and database management systems; (5) email and

corporate level messaging systems in use by Nalco; (6) security and

authentication policies for all networks and applications previously identified.

(Docket No. 41-3, at 2.)

     According to plaintiffs, it was later agreed that the scope of the ESI inquiries

would be expanded, as it related to any initial disclosures, to include for each

indexed document produced, the following:  (1) identification of the corresponding

computer desktop program or software productivity tool from which it was

created, or electronic messaging system from which it was transmitted; (2) a soft-

copy in its native electronic file format form together with all of its original

metadata.  (Docket No. 41, at 2, ¶ 2.)  Also, for each indexed document which is

purported to be an email communication, the defendants had to provide the

identity of the data extraction techniques and key-words utilized for its

CIVIL 09-1232 (JA)                    17

identification.  (<u>Id.</u>)  Plaintiffs claim the ESI inquiries were submitted on August

27, 2009, and were supposed to be answered by the defendants by September

3, 2009. (<u>Id.</u> at 1, ¶ 1.)  However, plaintiffs state the defendants failed to answer

their inquiries.  (<u>Id.</u> at 2, ¶ 3.)  Thus, plaintiffs request that the defendants be

compelled to answer their ESI inquiries because they have not made a full,

proper, and timely disclosure of the information technology infrastructure.

(Docket No. 41.)

        The defendants claim that they refused to answer plaintiffs' ESI inquiries

because they are overly broad.  (Docket No. 45.)  According to the defendants

rather than identifying the appropriate scope of the information sought, plaintiffs

are demanding voluminous categories of information regarding databases,

systems and networks without regard as to whether they contain any discoverable

information.  (<u>Id.</u> at 9.)  Therefore, the defendants contend that plaintiffs' ESI

inquiries should be denied because they have made no showing as to what they

expect to discover.  (<u>Id.</u> at 10.)

        "A party should [be allowed to] discover the organization of the responding

party's information technology department, the hardware and software it uses, as

well as its policies and practices for information processing."  1 Jay E. Grenig and

William C. Gleisner, III et al., <u>eDiscovery & Digital Evidence</u> § 7:10 (2009).  There

is no question that plaintiffs can obtain information regarding Nalco's databases,

CIVIL 09-1232 (JA)                          18

information technology infrastructure, network infrastructure, software programs, messaging systems and policies.  This does not mean that in doing so, plaintiffs are authorized to conduct a "fishing expedition." Martínez v. Cornell Corrs. of Tex., 229 F.R.D. 215, 218 (D.N.M. 2005).  The problem is that plaintiffs' ESI inquires are too broad.  As the defendants point out, plaintiffs' ESI inquires would require them to produce information of Nalco's worldwide operations.  Discovery cannot extend beyond Nalco's Puerto Rico databases located in Naperville, Illinois. Defendants cannot be compelled to answer the ESI inquiries as drafted.  As to the documents produced in the initial disclosures, the defendants have to identify the computer program and/or software in which they were created, or electronic messaging system that was used to transmit them.[1]  Also, for each document produced, the defendants must provide a soft-copy in its native format in order and original metadata.  See Dahl v. Bain Capital Partners, LLC., 655 F. Supp. 2d 146, 150 (D. Mass. 2009).

     B.     Second Motion to Compel

     Plaintiffs claim that the defendants failed to answer a request for production of documents served on January 15, 2010.  (Docket No. 47.)  According to

---

[1]Federal Rule of Civil Procedure 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties: . . . a copy--or description by category and location--of all documents, electronically stored information, and tangible things  that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."

CIVIL 09-1232 (JA)                    19

plaintiffs,  the defendants' objections to the request are ineffective because they do not specify how and why the requested production is burdensome.  (Id. at 2, ¶ 7.)  Also, plaintiffs claim the defendants' objections have to be deemed waived because they were not made within 30 days, as required by Federal Rule of Civil Procedure 34.  (Id. at 3, ¶ 9.)  Thus, plaintiffs claim that the defendants have to comply with the discovery request as drafted.  (Id. at 4, ¶ 11.)

The defendants claim that the motion to compel has to be denied because the request for production of documents was not properly served and because plaintiffs failed to certify that reasonable effort was made to try solving the discovery dispute.  (Docket No. 49, at 1, n.1 & at 2, ¶ 2.)  Furthermore, the defendants argue that plaintiffs' discovery request is too broad.  (Id. at 4, ¶ 6.) Primarily, the defendants dispute request No. 1 of plaintiffs' request for production of documents, which reads as follows:

> 1.   From January 1, 2006, until the present date, produce all versions of all Lotus Notes (or any other format of email store containing message units, including, but not limited to, EDB, OST, PST, and NSF) container files, mail stores, mailboxes and calendars, from which the following named individuals initiated, originated, sent, received or performed any electronic messages or transactions:
>
>> a.   José Serrano;
>> b.   Jorge Castillo;
>> c.   Ashok Paul Duggal;
>> d.   Jorge Ortiz-Soldevilla;

CIVIL 09-1232 (JA)                        20

           e.     Stephanie Glashagel;
           f.     Alenda Young;
           g.    Deborah S. Davis;
           h.    Dennis J. López;
           i.     Miriam Vera Vega;
           j.     Antonio Chapina;
           k.    Pedro Lara;
           l.     Ángel Urena;
           m.   Rudy Rosales;
           n.    Ruddy A. Guerrero;
           o.    Crispin Hernández;
           p.    Manuel Rivera-Ramos.

(Docket No. 47-2, at 2-3, ¶ 1 & Docket No. 49, at 3, ¶ 4.)

The defendants claim that the information sought by plaintiffs has nothing to do with Mr. Aponte, the working environment at his office in Puerto Rico, or his termination.  (Docket No. 49, at 3-4, ¶ 4.)  Furthermore, the defendants argue that plaintiffs' reply has to be stricken because leave of court was neither sought nor obtained before it was filed.[2]  (Docket No. 52, at 1-2, ¶ 1.)

Plaintiffs contend that discovery was properly served.  (Docket No. 51, at 2, ¶ 2.)  According to plaintiffs, Local Rule 5.1(c) allows for a discovery request to be served through the use of the court's transmission facilities, which includes electronic mail transport or any other electronic means consented to by the person being served.  (Id.)  Plaintiffs claim that in the *Electronic Case Filing System Attorney Registration Form* that was filed, the defendants consented to

---

[2]The defendants' motion to strike was not opposed by plaintiffs.

CIVIL 09-1232 (JA)                         21

receive notice and service electronically and waived the right to receive notice and service by first class mail.  (Id. at 2-3, ¶ 2.)

Plaintiffs also argue that the defendants' assertion that they have not met their duty to confer in good-faith is without merit.  (Id. at 4, ¶ 8.)  Plaintiffs claim that the second motion to compel details their futile attempts to reach an agreement with the defendants over the pending discovery disputes.  (Id. at 4, ¶ 6.)  Moreover, plaintiffs argue that the defendants are deliberately trying to mislead the court by claiming that the information sought from the named individuals is irrelevant.  (Id. at 8, ¶ 15.)  Plaintiffs claim that Mr.  Serrano, Mr. Castillo, Mr. Duggal, Mr. Soldevilla and Mrs. Glashagel were all identified in Nalco's initial disclosures as individuals likely to have discoverable information that the defendants may use to support their claims or defenses.  (Id.)  In Mrs. Young, Mr. López, and Mr. Lara's cases, plaintiffs claim that they were identified in Nalco's answers to the first discovery request as persons of interest closely involved with Mr. Aponte's termination.  (Id.)  As to the other remaining individuals, Mrs. Davis, Mrs. Vera, Mr. Chapina, Mr. Urena, Mr. Rosales, Mr. Guerrero, Mr. Hernández, and Mr. Rivera, plaintiffs state that they were identified from Nalco's production bates numbered 5, 13, 15, 49; 50, 57, 66; 67, 72, 74, 126, 128, 133, 137; 138, 140 and 167.  (Id. at 9.)

CIVIL 09-1232 (JA)                    22

      Local Rule 7(c) provides that in order to file a reply memorandum, the moving party has to seek the court's leave "within seven (7) days of the service of any objection to a motion . . . . " Local Rules of the U.S. Dist. Court for the Dist. of P.R. Rule 7(c).  In this case, plaintiffs reply to the defendants' opposition to the second motion to compel was filed without prior leave of court.  (Docket No. 51.)  As such, plaintiffs' reply memorandum must be stricken.  Even if it were assumed that leave was sought prior to filing the reply, it would not make a difference.  Plaintiffs' argument that the request for production of documents was properly served is incorrect.  The discovery request was served via e-mail without using the CM/ECF system.  Nevertheless, assuming that service was proper, the defendants' objections were made on time.  Plaintiffs' request for production of documents was served on January 15, 2010.  Pursuant to Federal Rule of Civil Procedure 34 the defendants had 30 days, that is until February 18, 2010, to answer and/or object to plaintiffs' discovery request. Fed. R. Civ. P. 34(b)(2)(A). However, since it is been assumed that service was made through the court's transmissions facilities, the defendants had an additional 3 days to respond.  Fed. R. Civ. P. 6(d).  Therefore, the answers and objections to request for production of documents were due by February 21, 2010.  The defendants responded to plaintiffs' discovery request on February 19, 2010.  Hence, the defendants' objections were timely made.

CIVIL 09-1232 (JA)                          23

As to the issue of whether or not plaintiffs met their duties to confer, I find that they did not. Local Rule 26(b) and Federal Rule of Civil Procedure 37(a)(1) requires that before filing a motion to compel, the moving party has to certify that it "has made a reasonable and good-faith effort to [try and solve the discovery dispute] with opposing counsel" without the court's intervention. Local Rules of the U.S. Dist. Court for the Dist. of P.R. Rule 26(b); see Fed. R. Of Civ. P. 37(a)(1). "An attempt to confer will not suffice." Local Rule 26(b). Plaintiffs' certification states that "[p]ursuant to their duty to confer . . . [they] inquired into the status of Nalco's production on February 17, 2010," since the defendants had not responded to the discovery request. (Docket No. 47, at 1, ¶ 2.) After the defendants responded to the request on February 19, 2010, plaintiffs claim that on that very same day they made a second effort to convince them about the propriety of the requests. (Id. at 2, ¶ 6.) It is clear that plaintiffs' certification is deficient. First, plaintiffs do not specify if any attempt was made to discuss the discovery dispute either personally or through a telephone conference. See Shuffle Master, Inc. v. Progressive Games Inc., 170 F.R.D. 166, 172 (D. Nev. 1996). Second, only two of the emails were sent by plaintiffs to the defendants, which instead of showing a good faith effort to reach an agreement, only showed plaintiffs point of view over the objections made. See Antonis v. Elec. for Imaging, Inc., 2008 WL 169955, at *1 (D.N.H. Jan. 16, 2008) ("emails . . . do[]

CIVIL 09-1232 (JA)                    24

not meet the requirement that the parties confer in good faith about discovery issues before invoking judicial remedies"); see also Ross v. Citifinancial, Inc., 203 F.R.D. 239, 240 (S.D. Miss., 2001) (the meet and confer "prerequisite is not an empty formality" and "cannot be satisfied by including with the motion copies of correspondence that discuss the discovery at issue").  Thus, plaintiffs' failure to comply with the meet and confer requirements constitutes sufficient reason to deny the motion to compel.

      C.     Notice of Deposition

      The defendants request that the court strike the notice for the taking of deposition of Nalco filed by plaintiffs on March 11, 2010, because it was filed with the court.  (Docket No. 50.)  Rule 5(b)(3) of the Federal Rules of Civil Procedure states that "[i]f a local rule so authorizes, a party may use the court's transmission facilities to make service under Rule 5(b)(2)(E)."  Fed. R. Civ. P. 5(b)(3).  Local Rule 26(a) states, in pertinent part, that:

> [u]nless otherwise ordered by the Court, deposition upon oral examination and interrogatories, request for documents, request for admissions, answers and responses and disclosures made under Fed. R. Civ. P. 26(a)(1)-(3) or pursuant to scheduling orders, shall be served upon other parties but shall not be filed with the court . . . .  The party that has served notice of a deposition or has served discovery papers shall be responsible for preserving and for insuring the integrity of original transcripts and discovery papers for use by the Court.

Local Rules of the U.S. Dist. Court for the Dist. of P.R. Rule 26(a).

CIVIL 09-1232 (JA)                    25

Local Rule 26(a) clearly precludes filing discovery documents with the court. Therefore, the notice for the taking of deposition must be stricken.

D.    Request for Protective Order

The defendants request that since Nalco's principal place of business is in Naperville, Illinois, the deposition take place there and not in San Juan, Puerto Rico.  (Docket No. 54, at 2-3, ¶ 4.)  Also, the defendants argue that because discovery has to be focused on the existence or non existence of alleged hostile work environment and the basis of Mr. Aponte's termination, the topics proposed for the deposition have to be limited to those databases or networks that contain information relevant to claims. (Id. at 4, ¶ 5.)

Plaintiffs in turn argue that the defendants' request for protective order has to be dismissed because it fails to meet the requirements of Federal Rule of Civil Procedure 26(c).  (Docket No. 56, at 2, ¶ 6.)  Plaintiffs claim that on February 17, 19 and 25, 2010, the defendants tried to reach an agreement as to when and where the deposition would take place, as well as who was going to be Nalco's corporate representative for the taking of the deposition.  (Id. at 1-2, ¶¶ 2-4.) Plaintiffs state that despite their efforts the defendants did not take advantage and no agreement was reached.  (Id. ¶ 5.)

The court may issue a protective order upon motion by "[a] party or any person from whom discovery is sought . . . [accompanied by] a certification that

CIVIL 09-1232 (JA)                          26

the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  Fed. R. Civ. P. 26(c).  After the movant meets these requirements, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . . "  Id.  The defendants here failed to meet the requirements of Rule 26(c).  The defendants' motion does not contain a certification that they made a good faith effort to resolve the discovery dispute before seeking the court's intervention.  Thus, the defendants' request for protective order must is denied.

    E.    Omnibus Motion

    Plaintiffs seek leave from the court to depose Mr. Duggal and a representative of Nalco, and serve subpoenas on Amgen and Bank of America. (Docket No. 53, at 11-12, ¶ 22.)  They also request that the defendants be ordered to pay attorney's fees and costs associated with the filing of the motion as a result of their contumacious behavior in treating the discovery process in this case.  (Id. at 1.)  The defendants in turn state that they have no objection regarding plaintiffs' request to depose either Mr. Duggal or Nalco as long as the topics to be covered are within the scope of discovery and the deposition take place in the appropriate locations.  (Docket No. 55, at 4, ¶ 6.)  Also, they do not oppose plaintiffs' request to serve the third party subpoenas.  (Id.)  The

CIVIL 09-1232 (JA)                       27

defendants only oppose plaintiffs' request for attorney's fees and costs, because they believe that they have not failed to respond to the discovery requests.  (Id.)

There being no controversy as to whether or not Mr. Duggal and Nalco can be deposed, both plaintiffs and the defendants must agree on the time and place where the deposition will be taken.  Also, the defendants must provide to plaintiffs the curriculum vitae of Nalco's designated corporate representative who is to be deposed within 14 days upon the entry of this order.  As to the issue regarding the topics to be covered during the depositions, they will not extend beyond the discovery scope delineated in section 1(3).  Last but not least, given the complexity of the discovery issues in this case, failure to adhere to the discovery schedule cannot be solely attributed either to plaintiffs or the defendants. Therefore, monetary sanctions will not be imposed on the defendants.

### III.  CONCLUSION

For the reasons set forth above, the:  (1) first motion to compel (Docket No. 41) is GRANTED in part and DENIED in part; (2) motion to deem as unopposed the second motion to compel (Docket No. 44.) is DENIED; (3) motion to strike plaintiffs' reply to the defendants' opposition to second motion to compel (Docket No. 52) is GRANTED; (4) second motion to compel (Docket No. 47) is DENIED; (5) motion to strike the notice for the taking of deposition (Docket No. 50) is

CIVIL 09-1232 (JA)                          28

GRANTED; (6) motion requesting protective order (Docket No. 54) is DENIED; (7)

omnibus motion (Docket No. 53) is GRANTED in part and DENIED in part.

At San Juan, Puerto Rico, this 20th of May,  2010.

S/ JUSTO ARENAS
Chief United States Magistrate Judge