IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DONATO APONTE NAVEDO, et al. | |
| Plaintiff | CIVIL No. 09-1232 (JA) |
| v. | |
| NALCO CHEMICAL COMPANY, et al | |
| Defendant | |

**MOTION TO QUASH SUBPOENAS**

TO THE HONORABLE COURT:

COMES NOW, Amgen Manufacturing Ltd., ("Amgen"), through its undersigned counsel and pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure, respectfully moves to quash two subpoenas served upon it on July 16, 2010, as follows:

1.      Amgen herein moves to quash two subpoenas served upon it in the instant case:  one for production of documents served upon Justo Moreno, Executive Director of Information Systems, see Exhibit 1, and another served upon Emilio Rivera, Vice President of Puerto Rico Operations[1] for appearance at trial on August 9, 2010, see Exhibit 2.  As is further described below, these subpoenas are unreasonable, subject Amgen to an undue burden and, should, therefore, be quashed pursuant to Rule 45(c)(3)(A)(iv).

2.      In order to properly frame the issue for the Court, we provide some background regarding Amgen's efforts to resolve a similar situation which arose in connection to a subpoena served upon it in this same case on or around June 1, 2010.  This first subpoena, which we attach as Exhibit 3 herewith, was sent by plaintiff, *via regular mail*, and requested substantially the same kind

---

[1]It should be noted that, as Vice President of Puerto Rico Operations, Emilio Rivera is the head of the Puerto Rico site and an Officer of the Company.

of electronically stored information listed in the more recent subpoena served on Mr. Moreno.  More specifically, the subpoena sought production and permission to inspect, "test" and "sample" all electronically stored communications (1) from January 1, 2007 to the present, (2)  to and from Amgen and Nalco Chemical Inc., ("Nalco") (3) including any Amgen addressee, (4) regarding any current or former Nalco employee, (5) regarding any and all service complaints originating from the performance of "ANY" former or present Puerto Rico based Nalco employee.  Plaintiff further demanded that all records be produced in their original native electronic format, together with all of their original metadata, and that it be accompanied by a "description of the 'search and retrieval' steps followed to achieve its results including the identification of (a) the data base stores from where the records were retrieved (b) they key words or other parameters utilized against the underlying databases, and (c) the software extraction tool utilized in the retrieval operation."

2.      Through letter dated June 17, 2010, attached herewith as Exhibit 4, Amgen objected to the subpoena as overly broad, vague and burdensome.

3.      Subsequently, on June 21, 2010, attorney Jose J. Sánchez, from the offices of the undersigned and counsel for Amgen, conferred with plaintiff's attorney regarding the referenced subpoena, highlighting the fact that service was improper insofar as is was made through regular mail, see F.T.C. v. Compagnie De Saint-Gobain-Pont-a-Mousson, 636 F.2d 1300, 1312-13 (DC Cir., 1980) ("Federal Rule 45(c) . . . does not permit any form of mail service. . . .") and, also, reiterating Amgen's inability to respond to such an overly broad, vague and burdensome request for electronically stored information.  See Exhibit 5.  Plaintiff's counsel retorted the request was straight forward and referred Amgen's counsel to the Court's order of May 20, 2010, for guidance.  See Dkt. No. 57.  When pressed as to the nature of the information sought, plaintiff's counsel stated they were interested Amgen communications to Nalco which evidenced complaints regarding plaintiff's

performance.  In an attempt to resolve this controversy without having to file a motion to quash, Amgen agreed to verify, through less onerous means, whether such written communications in fact existed.

4.      On July 8, 2010, attorney Sánchez, once again, spoke with plaintiff's counsel regarding the June subpoena, and stated that Amgen had conducted an e-mail search for communications regarding plaintiff and the services he rendered Amgen in representation of Nalco. Such a search failed to reveal any responsive documents.  Plaintiff's counsel requested that we provide written confirmation of this, which was done on July 14, 2010, not without reiterating, once more, Amgen's objections to the subpoena as drafted.  See Exhibit 6.

5.      Notwithstanding the foregoing conversations, a review of the case's docket revealed that on July 15, 2010, plaintiff's counsel represented to the Court that they were following up on Amgen's "full compliance" and noted that "regardless of what the contents of Amgen's response might end up being, [Plaintiffs] plan[ned] to use Amgen personnel to authenticate at trial the contents, as well as the search and retrieval methodology, technique or protocol followed by Amgen to produce any responsive documents.[2]"  See Pl's Motion for Leave to Serve Subpoena Ad Testificandum, Dkt. No. 61.

6.      Plaintiff further represented to the Court that " based upon information and belief," the competent witnesses to authenticate the production at issue were Mr. Justo Moreno, and Mr. Emilio Rivera.  The source of this " information and belief" has nowhere been disclosed.

7.      The two subponeas were served on Amgen the following day.

---

[2]  It certainly seems disingenuous for plaintiff to represent to this Honorable Court that Amgen had not completed its search process for the requested documents, and instead insinuate that Amgen was in the process of conducting the same when, more than one week prior to the filing of his motion ,plaintiff's counsel had been informed verbally, and then again in writing one day prior to filing the motion, that Amgen had conducted a search (albeit using less onerous methods than those required by the improperly served, overbroad and vague subpoena), and that no responsive document had been found.

**DISCUSSION**

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.  The issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply."  Fed. R. Civ. 45(c)(1). Amgen is not a party to this case, yet plaintiff's subpoena for production of documents served upon Mr. Moreno purports to have it conduct a "key word search" of all its electronically stored information,[3] utilizing a "software extraction tool," for any and all communications dating back to January 1, 2007, between Nalco and Amgen regarding any former or current Nalco employee.   All this at Amgen's expense--a significant one in terms of both time and resources.  These parameters are, quite simply, unduly burdensome and plaintiff's counsel should have taken reasonable steps to avoid imposing them upon Amgen, particularly when he has been on notice of Amgen's objections for almost one month, in connection to the first (improperly served) subpoena.

> Whether a subpoena subjects a witness to undue burden within the meaning of Rule 45(c)(3)(A)(iv) usually raises a question of the reasonableness of the subpoena.  The determination of a subpoena's reasonableness requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it;  this process of weighing a subpoena's benefits and burdens calls upon the trial court to consider whether the information is necessary and whether it is available from any other source.

9A Charles Alan Wright & Arthur Miller, Federal Practice and Procedure  § 2463.1.

In the instant case, a review of the Complaint reveals that plaintiff was terminated on or around July 23, 2008.  It is, therefore, unreasonable for plaintiff to seek from Amgen electronically stored information dating back to January 1, 2007.  It is also unreasonable for plaintiff to use the

---

[3]It is unclear from the subpoena whether the request extends beyond electronic messages or e-mails to encompass other kinds of electronically stored information.

subpoena power to force Amgen to search its electronically stored information utilizing a "software extraction tool" for communications regarding the performance of "any current or former" Nalco employee. Conducting a search for this already broad request is further complicated by the fact that no names are provided. While Amgen can certainly understand plaintiff's interest in discovery regarding complaints Amgen may have presented to Nalco regarding **plaintiff's** performance, we respectfully submit the manner in which plaintiff has gone about requesting information is unreasonable and unduly burdensome in terms of scope and expense. Amgen could very well respond to such a request without having to invest the time and resources plaintiff's subpoena for production of documents forces upon it.

As to the subpoena served upon Mr. Rivera, Amgen's VP of Operations, we gather from plaintiff's Motion for Leave to Serve Subpoena Ad Testificandum, that its purpose is to authenticate the documents plaintiff for some reason expects will be generated by the subpoena served upon Mr. Moreno. It is simply unreasonable for plaintiff to have Amgen's Vice President of Operations, who is the site head and a high ranking corporate officer (to whom plaintiff does not impute any kind of knowledge regarding the facts of this case), appear at a trial to authenticate documents he did not generate nor search for. See Lewelling v. Farmers Ins. of Columbus, Inc., 879 F.2d 212, 218 (6th Cir.1989) (precluding deposition of defendant's chief executive officer who lacked knowledge about any pertinent facts); Cardenas v. Prudential Ins. Co. of Am., Nos. Civ. 99-1421 (JRT/FLN), Civ. 99-1422 (JRT/FLN), Civ. 99-1736 (JRT/FLN), 2003 WL 21293757, at *1-2 (D.Minn. May 16, 2003) (quashing subpoena to depose Prudential executives where plaintiff failed to establish that the executives had "unique" knowledge). There is simply nothing to suggest that Mr. Rivera possesses any information that would be relevant to the instant case. See Patterson v. Avery Dennison Corp., 281 F.3d 676, 681-82 (7th Cir. 2002); Berning v. UAW Local 2209, 242 F.R.D. 510, 512 (N.D. Ind.

2007).  As mentioned above, there are a myriad less onerous and disruptive means for plaintiff to obtain information on whether or not Amgen complained to Nalco regarding plaintiff, if that is what he seeks.

The fact remains that plaintiff has been on notice of Amgen's objections to the request for production of documents since June 17, 2010.   Moreover, since July 8, 2010, and despite his misleading representations to the Court, plaintiff has been on notice that Amgen's search for information, albeit utilizing less onerous processes than those outlined by plaintiff in his subpoena, revealed no responsive documents.  It is therefore unclear what it is that Mr. Moreno must search for and what it is that  Mr. Rivera has been subpoenaed to authenticate at trial.  "The discovery rules are not intended as a broad license to mount serial fishing expeditions."  Aponte-Torres v. University of P.R., 445 F.3d 50, 59 (1st Cir. 2006).  This rule becomes even more strict when it involves non-parties to the suit.  We submit to the Court that when balancing the benefits to plaintiff of the subpoenas served upon Mr. Moreno and Mr. Rivera against the burdens they impose upon Amgen, the balance tilts in favor of quashing the subpoenas as unreasonable and unduly burdensome.

Finally, insofar as Amgen attempted to resolve this dispute amicably and plaintiff was well aware of the issues at stake before determining to move forward and serve these two subpoenas, Amgen requests that the Court order plaintiff to pay the reasonable costs and attorneys fees incurred in presenting the present motion to quash as provided by Rule 45(c)(1).

WHEREFORE, Amgen respectfully requests that the Court quash the subpoenas served on July 16, 2010 upon Mr. Moreno and Mr. Rivera, both Amgen employees, as unreasonable and unduly burdensome.  Amgen further requests that plaintiff be ordered to reimburse it the reasonable costs and attorneys fees incurred in filing the present motion.

In San Juan, Puerto Rico, this 21st day of July, 2010.

WE HEREBY CERTIFY that on July 21, 2010, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.   Parties may access this filing through the Court's system.

**SCHUSTER AGUILÓ LLP**
Attorneys for Amgen Manufacturing, Ltd.
PO Box 363128
San Juan, Puerto Rico 00936-3128
Telephone: (787) 765-4646
Telefax: (787) 765-4611

**s/Lourdes C. Hernández Venegas**
Lourdes C. Hernández Venegas
USDC PR No. 215507
lhernandez@salawpr.com

H:\ATTY\LCH\Amgen\General\motion to quash Nalco.wpd

-7-