IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DONATO APONTE NAVEDO, et al.<br>Plaintiffs<br>v.<br>NALCO CHEMICAL, INC., et al.<br>Defendants | CIVIL No. 09-01232-JA<br><br>TITLE VII AGE & GENDER DISCRIMINATION, ADA, NATIONAL ORIGIN, TORTS<br>TRIAL BY JURY |

**MOTION IN REQUEST OF**
**TRIAL DATE AND FOR LEAVE TO FILE DISCOVERY MOTIONS**

Plaintiffs, Donato Aponte-Navedo and Belkis Isabel Santiago-Martínez, by and through their undersigned counsel, hereby move this Honorable Court as follows:

**I. DISCOVERY PROCEDURAL BACKGROUND**

1. Plaintiffs filed their first omnibus motion for discovery orders on March 25th, 2010. See: **ECF No. 53**.

2. Said motion was granted in part, and denied in part by this Honorable Court on May 20th, 2010. See: **ECF No. 57**, available at: <u>Aponte-Navedo v. Nalco Chemical Co.</u>, *268 F.R.D. 31 (2010)*.

3. As to those parts of Plaintiffs' discovery requests addressed in their motion in **ECF No. 53** which were denied by the Court for excessive breath of scope, the Court stated that a proper scope for said request would be limited to: *"Nalco's Puerto Rico databases located in Naperville, Illinois."*. See: *268 F.R.D. 31, at\* 38*.

1

4. Accordingly, Plaintiffs redrafted their interrogatories and requests for production of documents, specifically further limiting their scope to: *"information residing in Nalco's Puerto Rico databases located in Naperville, Illinois"*, and served them on Nalco on May 31st.

5. Counsel on both sides conferred in person on June 1st, 2010, regarding, *inter alia*, the above re-drafted discovery requests, and agreed to a new 30 day period within which to serve responses, to expire on June 30th, 2010. At said meeting, Nalco did not make any further objections to the discovery requests, which were re-drafted according to the Order issued by the Court, as set forth in **ECF No. 57**.

6. On June 29th, 2010, Nalco informed Plaintiffs that they were taking a unilateral extension of time to serve their responses to the above re-drafted discovery requests. However, it was not until July 15th, 2010, when they finally served their responses.

7. Plaintiffs promptly brought Nalco's discovery behavior to the attention to the Court on July 15th, 2010. See: **ECF No. 60**.

8. All through the time period starting on May 20th, 2010, when the Court's Order as set forth in **ECF No. 57** was issued, Plaintiffs attempted to confer with Nalco regarding their non-compliance with said Order. Due to Nalco's non-responsiveness to said attempts to confer, Plaintiffs served their opposition to Nalco's responses on

September 7th, 2010. Further attempts to confer, have continued to be ignored.

9. If and when Plaintiffs are granted leave to file the discovery motions prayed for under the instant motion, they are prepared to submit sworn statements detailing and certifying as to compliance with their duty to confer, accompanied by all relevant supporting documents.

## II. GENERAL REACTION TO DISCOVERY OBJECTIONS

10. Answers to discovery requests served on Nalco on May 31st, 2010, have not been properly sworn and signed by Nalco or any of its authorized agents, neither as to interrogatories, nor as to requests for document production, and as such, they are deemed deficient, and to not have been responded to. See: *Morin v. Nationwide Federal Credit Union*, 229 F.R.D. 364, 369 (D.Conn., 2005). Nalco's continued unresponsiveness to Plaintiffs' bringing the issue to their attention, is grounds for having said responses stricken. See: **Fed. R. Civ. P. 26(g)(2)**.

11. **Fed. R. Civ. P. 33(b)(4)**, and **Fed. R. Civ. P. 34(b)(2)(B)**, respectively, set time frame within which interrogatories and requests for production of documents must be answered by the served party. Any grounds for failing to properly and fully answer or produce, which are not stated in a timely objection, are deemed to have been waived. See: *Mancia v. Mayflower Textile Servs. Co.*, 253

F.R.D. 354, 359 (D.Md., 2008); *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 11 (1st Cir., 1991); *Brenford Environmental System, L.P. v. Pipeliners of Puerto Rico, Inc.*, 2010 WL 3001654 at *3 (D.P.R., 2010).

12. Plaintiffs submit to the Court, that at all times relevant to this motion, they have been in good-faith compliance with their obligation to cooperate with respect to planning and executing discovery or resolving discovery disputes, while at the same time identifying and pursuing only legitimate discovery needs, proportionate to what is at stake in the present litigation. See: *Mancia v. Mayflower Textile Services Co.*, 253 F.R.D. 354, 357-58 (D.Md., 2009).

13. The discovery requests at issue were served on May 31st, 2010. On June 2nd, 2010, the parties agreed that responses would be issued in 30 days, or by June 30th, 2010. Nalco's deficient attempt to serve untimely responses submitted on July 15th, 2010, and their continued failure to answer 91 days later, effectively waived any objections, and therefore all discovery requests must be answered in full.

### III. TRIAL DATE CONSTRAINTS

14. The instant case was originally set for trial for August 9th, 2010. See: **ECF No. 37**.

15. At Co-defendants' behest, under the pretext of substitution of counsel, trial was set to be continued on November 15th, 2010. See: **ECF No. 59**.

16. Currently before the Court is Co-defendants' motion announcing a calendar constraint with the November 15th, 2010 trial date.

17. Plaintiffs presently have the option of moving the Court to compel discovery from Nalco. However, with a trial date set for November 15th, 2010, even if Nalco where to fully comply with their discovery obligations, said compliance would be of limited, or no benefit for Plaintiffs.

18. Plaintiffs, alternatively, have the option of moving the court for a finding of spoliation and discovery sanctions in the form of adverse inference, preclusion, or default judgment, among others. In such case, said motion could be considered by the Court in a timely fashion, together with any dispositive motions which are filed by the parties by the October 15th, 2010, due date for said dispositive motions.

19. Consequently, before Plaintiffs commit their scarce resources to pursuing either a motion to compel, or for discovery sanctions, and burden the Court's resources with having to consider either one, Plaintiffs require guidance as to whether this Court intends to definitely maintain the instant case's trial date of November 15th, 2010.

**WHEREBY**, for all of the above, Plaintiffs pray this Honorable Court:

Take **NOTICE** of all of the above;

**DENY** Nalco's request for any further continuances and **GRANT** Plaintiffs leave to file a motion for discovery sanctions;

   **Or alternatively,**

**CONTINUE** the trial date for the present case and **GRANT** Plaintiffs leave to file a motion to compel discovery.

**Respectfully submitted in New York, New York, this 29th day of September, 2010.**

S/William Meléndez-Menéndez
William Meléndez-Menéndez
USDC-PR No. 226902

Cuadros & Cuadros
410 Park Ave. Suite # 1223, New York, New York 10022
We.Melendez@e-Lex.us
(718)725-7387

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 29th, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James W. McCartney and Arturo Diaz-Angueira, CANCIO, NADAL, RIVERA & DÍAZ, P.S.C.

**In New York, New York, this 29th day of September, 2010.**

**S/William Meléndez-Menéndez**
William Meléndez-Menéndez
USDC-PR No. 226902
Cuadros & Cuadros
410 Park Ave. Suite # 1223, New York, New York 10022
We.Melendez@e-Lex.us
(718)725-7387