IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DONATO APONTE-NAVEDO, et al.,

Plaintiffs

v.                                              CIVIL 09-1232 (JA)

NALCO CHEMICAL COMPANY, et al.,

Defendants

## OPINION AND ORDER

This matter is before the court on motion to compel discovery filed by plaintiffs on October 25, 2010. (Docket No. 77.) A response in opposition to the motion to compel was filed by defendants on November 12, 2010. (Docket No. 78.) The motion to compel was originally denied on November 15, 2010. The attorneys were order to meet in an attempt to resolve the pending discovery disputes before I were to take the disputes under consideration. The attorneys did meet on November 23, 2010 and notwithstanding their attempts, they were unable to reach agreement regarding the outstanding discovery sought by plaintiffs. Plaintiffs then filed an assented-to motion seeking that the court hold a hearing to rule on each of the discovery controversies. (Docket No. 84, filed December 31 2010.) That hearing was held on January 14, 2011.

CIVIL 09-1232 (JA)                              2

## I. BACKGROUND

On March 10, 2009, plaintiffs filed a complaint for employment discrimination against the defendants. (Docket No. 1, at 1, ¶ 1.) Their claims are brought under 29 U.S.C. § 626, Section 7(b) of the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 1981, (as it pertains to deprivation of rights of non-white persons), 42 U.S.C. § 12101, Americans with Disabilities Act ("ADA") (plaintiff is a Type II diabetic), 42 U.S.C. § 2000, and Title VII of the Civil Rights Act of 1964 ("Title VII") (plaintiff is of Puerto Rican national origin). (Docket No. 1, at 2-3, ¶¶ 2, 5.)  Specifically, plaintiff Aponte-Navedo alleges that the defendants created a hostile work environment through discrimination and privacy violations and adverse employment conditions leading to his unjustified termination. Those acts or omissions allegedly started in 2001 and ending around July 28, 2008. (Docket No. 1, at 1-2, ¶ 1.)  Plaintiff Aponte-Navedo alleges that the personal defendants, all in supervisory positions, either collaborated or failed in their duty to prevent his being the object of disparaging, demeaning and ridiculing remarks.  He alleges that all codefendants were deliberately indifferent to his rights and thus caused him damages due to their failure to adequately supervise and discipline other persons.  (Id. at 2, ¶ 1.)  He also alleges that the failure of Nalco's upper management to take remedial action indicates that the

CIVIL 09-1232 (JA)                              3

national origin, disability, age and gender discrimination animus that pervades in Nalco was endorsed at the highest levels.  (Id. at 6-7, ¶ 22.)

Discovery in this case has not flowed as smoothly as desired.  Prior discovery impasses resulted in a lengthy order (see Aponte-Navedo v. Nalco Chem. Co., 268 F.R.D. 31, 37 (D.P.R. 2010)) and this order is a continuation of the prior process.  On January 12, 2011, plaintiffs filed an informative motion informing that they are in the process of drafting a motion for a finding of spoliation, as well as for other related litigation abuses and behavior, and will be filing such a motion within a time frame to be fixed by the court.  (Docket No. 87.) Plaintiffs also announced the intention of filing a motion in limine in which they will oppose any foreseeable dispositive motion filed by the defendants.  These motions address several of the discovery requests subject of the motion to compel and plaintiffs believe that the disputed items are ripe for adjudication, and better served in the forthcoming dispositive motion.  Plaintiffs thus announce that in order to streamline the discovery hearing, without waiving their right to raise the underlying legal contentions in their dispositive motion and motion in limine, that they would not pursue interrogatories 12, 14-18, document request numbers 7, 12, 13 and 23, and second document request numbers 1-5.  (Docket No. 87, at 2-3.)  The defendants responded to the informative motion on the same day (Docket No. 88), stressing that on the eve of the hearing, plaintiffs were

CIVIL 09-1232 (JA)                               4

unilaterally attempting to remove the disputes from the court's consideration. The defendants further stress that the parties have fully briefed these matters, and that it would be a waste of the court's and the parties' time and resources to further delay resolution of these matters. They insist that I rule on each issue, one by one, as I had announced. Plaintiffs filed a second informative motion charging the defense with obtaining a tactical advantage, taking a tenth bite at the apple at concocting a pretext and having asked for a postponement of the hearing previously scheduled for January 12, 2011. Plaintiffs then announced that they were fully prepared to discuss the controversy (as scheduled), and noting that defendants' litigation behavior will be "as inexcusable and indefensible tomorrow, as it will be on Monday." (Docket No. 89, at 2, ¶ 7.) Plaintiffs conclude that "there will . . . be no finality to the issues, as they [defendants] will come up before the Court again prior to the deadline set for dispositive motions." (Id.) Therefore, I will rule on the matters addressed in plaintiffs' motion to compel as originally planned.

II.  FIRST SET OF INTERROGATORIES

The defendants contend that notwithstanding redaction resulting from my order to limit scope, plaintiffs' discovery requests remain overbroad, continue to seek irrelevant information, and are also burdensome. (Docket No. 78, at 2.)

CIVIL 09-1232 (JA)                               5

Specifically, the defendants object to interrogatory No. 5 of plaintiffs' redrafted interrogatories and request for production of documents, which reads as follows:

> From January 2007 until the present day, list for each NALCO CHEMICAL, INC., employee who has received a promotion, or who's conditions of employment have improved as compared to those conditions of others within the following delimited and narrowly defined reference group: employees who have been under the scope of authority, chain of command, area of responsibility, reported to or been accountable in any way, formally or informally, on an institutional or project basis, to any of the following named co-defendants: José Serrano, Jorge Castillo and Ashok Paul Duggal <u>AND limited to information residing in Nalco's Puerto Rico databases located in Naperville, Illinois</u>:
>
> a. name, gender, age, national origin, and date of promotion;
> b. job promoted from, with its corresponding salary grade and department;
> c. job promoted into, with its corresponding job description and criteria, selection devices and procedures, salary grade and department;
> d. justifications and reasons why promotee was selected over others;
> e. date and position of initial hire, with its corresponding salary grade and department;
> f. other positions held with employer, with their corresponding salary grade and department;
> g. supervisors and officials involved with promotion and the nature of their involvement;
> h. copy of personnel file and all documents related to the above promotions.

(Docket No. 77, at 7, ¶ 20.)

CIVIL 09-1232 (JA)                                      6

According to the defendants, the plaintiffs seek irrelevant information since failure to promote is not an issue before the court and the request is irrelevant and not likely to lead to relevant evidence. The defendants had previously argued that plaintiffs had not shown why decisions on promotion were relevant to either the alleged hostile environment that Mr. Aponte supposedly endured or to his unjust termination claim. Plaintiffs argue that greater latitude in discovery has been recognized by the Supreme Court in Title VII cases so that plaintiffs should have broad access to documents to document their claims. See Wards Cove Packing Co. v. Atonio, 490 U.S. 642, 657-58 (1989). In that case, the Court considered a disparate impact claim, and there is no doubt that such a claim, and claims in general, invite painting with a broad discovery brush as plaintiffs suggest. It is axiomatic that the federal rules provide for liberal discovery. While not disagreeing with the general proposition, I fail to see the relevance or the probability of leading to the "discovery of admissible evidence" (see Fed. R. Civ. P. 26(b)(1)) stemming from defendants' answering interrogatory five which relates to promotions, just as I would find discovery related to disparate impact irrelevant in a disparate treatment claim. See Rodríguez-Torres v. Gov't Dev. Bank of P.R., 265 F.R.D. 40, 42-43 (D.P.R. 2010). Plaintiffs argue that the information sought attempts to uncover other instances of discrimination, whether leveled against plaintiffs or other Nalco employees and that the information sought

CIVIL 09-1232 (JA)                                7

would reveal Nalco's history and trajectory of promoting or passing up for promotion certain individuals, and whether or not the individuals who have been disproportionately affected are members of the protected groups to which plaintiffs belong. Citing Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 385-88 (2008), plaintiffs argue that blanket rules excluding evidence of possible discrimination against other employees are inappropriate. (Docket No. 77, at 9.) However, "the information sought is not closely related to 'plaintiff's circumstances and theory of the case.'" Zelaya v. UNICCO Serv. Co., 682 F. Supp. 2d 28, 33 (D.D.C. 2010) (quoting Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. at 388). Interrogatory No. 5 need not be answered.

The defendants have argued that interrogatories Nos. 12 through 18 all concern databases and computer information beyond the scope of Nalco's Puerto Rico office. They argue that Nalco has an electronic database (SAP) where employee information is stored, located in Naperville, Illinois. Plaintiffs counter that SAP is a software, and not a database. Nalco insists that its database is SAP, regardless of nomenclature. A ruling on interrogatory No. 12 will remain pending. Interrogatory No. 14 is to be answered while interrogatories Nos. 15 through 18 need not be answered for the same reason that interrogatory No. 5 need not be answered. The basis for my ruling on these objections stems from my belief that the manner in which discovery is being sought, reflecting a jaundiced eye

CIVIL 09-1232 (JA)                                      8

approach to Nalco's corporate animus, is not conducive to either a speedy or inexpensive determination of the action and that seeking the primary information needed conserves litigation and judicial resources and keeps fees and costs down.

## II.  REQUEST FOR PRODUCTION OF DOCUMENTS

The defendants generally argue that the requests are beyond the scope of the law suit, beyond the scope of discovery in the case, overbroad and irrelevant, and seek information not reasonably calculated to lead to admissible evidence. The defendants object to request No. 1 which reads as follows:

> From January 2007 until the present day, and in support of the organizations to which belong the same delimited and narrowly defined reference group as laid out for **Interrogatory 5**, above:  All files identifying the nature of NALCO CHEMICAL, INC.'s operations, physical locations, and organizational structure, including agents, principals, officers, officials, directors, and any others who have or might have any responsibility for the development of NALCO CHEMICAL, INC. policy.

(Docket No. 41-8, at 5, ¶ 1.)

The defendants claim that this request is unclear and beyond the scope of discovery.  (Docket No. 78, at 8.)

> "Discovery in disparate treatment cases has been limited to employees within certain work units and who have suffered similar treatment as the plaintiff." Whittingham v. Amherst Coll., 164 F.R.D. 124, 127 (D. Mass. 1995) (citing Robbins v. Camden City Bd. of Educ., 105 F.R.D. 49 (D.N.J. 1985)).  Thus, open ended reviews of corporate records are not allowed.  Briddell v. Saint

CIVIL 09-1232 (JA)                                9

Gobain Abrasives Inc., 233 F.R.D. 57, 60 (D. Mass. 2005). In order to avoid overly broad and unduly burdensome requests, discovery may be limited both geographically and temporally. Id. (citing Glenn v. Williams, 209 F.R.D. 279, 281-82 (D.D.C. 2002)). Aponte-Navedo v. Nalco Chem. Co., 268 F.R.D. 31, 37 (D.P.R. 2010).

Document request No. 1 need not be complied with for much such the same reasons as interrogatory No. 5 need not be answered.

Document request No. 2 reads as follows:

> From January 2007 until the present day, and in support of the organizations to which belong the same delimited and narrowly defined reference group as laid out for Interrogatory 5 above: All organizational charts, personnel charts, descriptions, lists, tables, flow charts or other similar documents that show the identities, titles or responsibilities of NALCO CHEMICAL, INC.'s agents, principals, officers, officials, directors, and any others who have or might have influence or authority over personnel, recruitment, hiring, selection, training, disciplining, demoting, terminating or accommodating any disability.

(Docket No. 41-8, at 5-6.)

Document request No. 2 is to be complied with but limited to Puerto Rico and only in relation to the factors of disciplining, demoting, terminating or accommodating any disability.

Document request No. 6 reads as follows:

> From January 2007 until the present day, and in support of the organizations to which belong the same delimited

CIVIL 09-1232 (JA)                              10

>  and narrowly defined reference group as laid out for **Interrogatory 5** above: NALCO CHEMICAL, INC.'s published official - or unpublished unofficial - job postings, offers of employment, vacancies and promotional openings and opportunities from January 2007to the present date.

(Docket No. 41-8, at 6.)

These documents are to be produced but limited to Puerto Rico and 2007 through 2009 inclusive.

Document request Nos. 7, 8, 9, 10, 11, 12, 13 and 23 read as follows:

Document request No. 7:

>  From January 2007 until the present day, and in support of the organizations to which belong the same delimited and narrowly defined reference group as laid out for **Interrogatory 5** above: All records maintained by NALCO CHEMICAL, INC. as required by federal law, including, but not limited to:
>
>  a.   Title VII;
>  b.   Executive Order 11246;
>  c.   Age Discrimination in Employment Act;
>  d.   Immigration Reform and Control Act;
>  e.   Fair Labor Standards Act;
>  f.   Rehabilitation Act of 1973;
>  g.   Americans With Disabilities Act;
>  h.   Family and Medical Leave Act.

(Docket No. 77, at 14.)

Document request No. 8:

>  From January 2007 until the present day, and in support of the organizations to which belong the same delimited

CIVIL 09-1232 (JA)                              11

and narrowly defined reference group as laid out for **Interrogatory 5**, above: For NALCO CHEMICAL, INC. personnel and external contractors working or on assignment, temporary or permanent, at the same geographic regions or locations as plaintiff from January 2004 until the present date, provide all records held or examined to establish employment authorization and identity, such as: United States passport; Certificate of United States Citizenship; Certificate of naturalization; Unexpired foreign passport with unexpired Form I-551; Form I-94 with unexpired employment authorization stamp; Resident alien card; Temporary resident card; Employment authorization card.

(Docket No. 77, at 15.)

Document request No. 9:

From January 2007 until the present day, and in support of the organizations to which belong the same delimited and narrowly defined reference group as laid out for **Interrogatory 5**, above: For all individuals for which a record is produced in response to the request above, and who work or have worked under an employment visa, provide also their corresponding Labor Certification package and Visa application package.

(Docket No. 77, at 16.)

Document request No. 10:

From January 2007 until the present day, and in support of the organizations to which belong the same delimited and narrowly defined reference group as laid out for **Interrogatory 5**, above: Any and all documents which NALCO CHEMICAL, INC. is required to file or has filed with any state or federal agency dealing with race, color, gender, age, national origin, or disability of its employees.

(Docket No. 77, at 16.)

CIVIL 09-1232 (JA)                                    12

Document request No. 11:

> From January 2007 until the present day, and in support of the organizations to which belong the same delimited and narrowly defined reference group as laid out for **Interrogatory 5**, above: All studies, reports, or analysis done by internal staff, consultants, government agencies, or others related to any and all of NALCO CHEMICAL, INC.'s employment practices, policies, procedures, or employee statistical breakdown.

(Id.)

Document request No. 12:

> From January 2007 until the present day, and in support of the organizations to which belong the same delimited and narrowly defined reference group as laid out for **Interrogatory 5**, above: All documents which indicate the breakdown of NALCO CHEMICAL, INC.'s workforce by each of the following characteristics: date of hire, rate of pay, date of birth, gender, and national origin at the present time and during plaintiff's employment with NALCO CHEMICAL, INC.

(Id. at 17.)

Document request No. 13:

> From January 2007 until the present day, and in support of the organizations to which belong the same delimited and narrowly defined reference group as laid out for **Interrogatory 5**, above: All documents which indicate the breakdown of NALCO CHEMICAL, INC.'s applicant pool by each of the following characteristics: qualifications, date of application, position applied for and its rate of pay, date of birth, national origin and gender, and the final disposition of the application, at the present

CIVIL 09-1232 (JA)                    13

>       time and during plaintiff's employment at NALCO CHEMICAL, INC.

(Docket No. 77, at 17.)

Document request No. 23:

>       From January 2007 until the present day, and in support of the organizations to which belong the same delimited and narrowly defined reference group as laid out for **Interrogatory 5**, above: All documents which constitute, comment on, or reflect the facts and circumstances of any comparison made between the training, experience, abilities, job duties and job performance of plaintiff, and other similarly situated NALCO CHEMICAL, INC. employees or applicants.

(Id.)

Document request Nos. 7, 8, 9, 10, 11, 12, 13 and 23 are to be complied with but also limited to Puerto Rico and limited to the period 2007 through 2009 inclusive.

Second Document Request No. 1 reads as follows:

>       From January 1, 2007, until the present date, AND limited to information residing in Nalco's Puerto Rico databases located in Naperville, Illinois: produce all versions of all Lotus Notes (or any other format of email store containing message units, including, but not limited to, EDB, OST, PST, and NSF) container files, mail stores, mailboxes and calendars, from which the following named individuals initiated, originated, sent, received or performed any electronic messages or transactions:
>
>       a.   José Serrano;
>       b.   Jorge Castillo;

CIVIL 09-1232 (JA)                              14

        c.     Ashok Paul Duggal;
        d.     Jorge Ortiz-Soldevilla;
        e.     Stephanie Glashagel;
        f.     Alenda Young;
        g.     Deborah S. Davis;
        h.     Dennis J. López;
        i.     Miriam Vera Vega;
        j.     Antonio Chapina;
        k.     Pedro Lara;
        l.     Ángel Urena;
        m.    Rudy Rosales;
        n.     Ruddy A. Guerrero;
        o.     Crispín Hernández;
        p.     Manuel Rivera-Ramos.

(Docket No. 77, at 18.)

This request is too broad. Therefore, in accordance with the discussion at the hearing, plaintiffs are required to narrow the scope. The same ruling applies to second document requests No. 2 through No. 5.

I hope that narrowing the scope of the requested discovery and continued exchanges between counsel for the parties may yet bring this case to a reasonably swift conclusion. Prior to the taking of a Rule 30(b)(6) deposition, the issue of waiver of privilege will be presented and ruled upon. See Figueras v. Puerto Rico Elec. Power Auth., 250 F.R.D. 94, 95-99 (D.P.R. 2008). Parties are granted a discovery cutoff date of April 30, 2011 and may disregard the dispositive motion practice date previously set. (See Docket Nos. 82, 83.)

CIVIL 09-1232 (JA)                                    15

## IV.  CONCLUSION

For the reasons set forth above, the motion to compel filed by plaintiffs on October 25, 2011 (Docket No. 77) is GRANTED in part and DENIED in part.

At San Juan, Puerto Rico, this 28th of January,  2011.

                                                S/ JUSTO ARENAS
                                        Chief United States Magistrate Judge