UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DONATO APONTE NAVEDO, *et. al.*, | |
| Plaintiffs, | CIVIL NO. 09-01232 (MEL) |
| v. | |
| NALCO CHEMICAL COMPANY, *et. al*., | TITLE VII VIOLATIONS, AGE, GENDER AND NATIONAL ORIGIN DISCRIMINATION, AMERICANS WITH DISABILITIES ACT AND TORTS |
| Defendants. | |
| | PLAINTIFFS DEMAND TRIAL BY JURY |

**DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY TO MOTION FOR SUMMARY JUDGMENT AND FOR EXTENSION TO PRE-TRIAL DEADLINES**

Defendants Nalco Chemical Company ("Nalco") and Ashok Paul Duggal ("Duggal") (collectively "Defendants"), by and through their attorneys, and in support of this motion, respectfully state as follows:

1. On June 21, 2011, Defendants filed a motion for summary judgment in this matter (Docket Nos. 110-111). Plaintiffs' opposition to the motion for summary judgment was originally due on July 8, 2011.

2. Plaintiffs sought an initial extension of time until July 29, 2011 in which to file their opposition. (Docket Nos. 116.) In granting that motion, the Court warned that no further extensions of time would be granted. (Docket Nos. 117.)

3. On August 23, 2011, the Court set the pre trial deadlines and a trial date in this case. (Docket No. 123). Specifically the Court ordered that the Joint Proposed Pre-trial order was due on December 6, 2011, and set a Pre Trial-Settlement Conference for January 23, 2012, with motions in limine, proposed exhibit lists, proposed voir dires, proposed jury instructions and proposed verdict forms due on January 23, 2011. Finally, the Court set a Jury Trial date of February 6, 2012.

**Error! Unknown document property name.**

4.	Shortly after the Court set these deadlines, however, it became clear that Plaintiffs' then counsel could not continue their representation of Plaintiffs. (Docket Nos. 121, 124, 127, 129). As a result, Plaintiffs were granted additional time in which to obtain new legal representation and to file an opposition to the motion for summary judgment (Docket No. 129). Specifically, on August 31, 2011 this Court granted Plaintiffs until September 23, 2011 to retain new counsel and extended the time to oppose the pending motion for summary judgment until October 24, 2011. (Docket No. 129).

5.	Upon entering an appearance in the case, Plaintiffs new counsel then also sought several extensions of time on which to file Plaintiffs' opposition to the motion for summary judgment. (Docket Nos. 141, 149).

6.	Plaintiffs finally filed their opposition to the motion for summary judgment on November 15, 2011, over four months after its original due date. (Docket No. 152).

7.	Plaintiffs' opposition materials include a statement of additional facts that includes sixty-one (61) proposed new statements of facts. Many of the proposed statements of facts are lengthy paragraphs, consisting of 4 or more sentences.

8.	Given the sheer amount of information set forth by Plaintiff in an attempt to obscure the undisputed and straightforward facts in this case, Defendants find it is necessary to file a reply brief to Plaintiff's opposition to the motion for summary judgment, and in particular to Plaintiff's purported additional statements of facts. Furthermore, Local Rule 56(d) provides that the moving party may file a reply to Plaintiff's additional statement of facts, either admitting, denying or qualifying those additional statements.

9.	A reply would serve to further crystallize the issues for the Court and better position this case for adjudication. Specifically, Defendants believe it necessary to respond to certain arguments raised in Plaintiffs' opposition which completely mischaracterize the facts and legal issues

Error! Unknown document property name.

at stake in this case. Defendants also intend to illustrate Plaintiffs' non-compliance with the rules concerning summary judgment, given their failure to cite to the record. Notably, the vast majority, if not all of Plaintiff's denials or "qualifications" to Defendants' Statement of Facts, as well as it own additional statement of facts, are unsupported by **any** citation to the record. For this and other reasons, Plaintiffs' opposition is wholly insufficient to establish a material issue of fact to preclude summary judgment and we believe Defendant's motion for summary judgment is likely to dispose of this case in its entirety.

10. Given the upcoming holidays, and the length and sheer amount of immaterial and conclusory assertions that Plaintiffs have set forth in their opposition, however, Defendants anticipate they will need a minimum of 45 days, up and until December 30, 2011, in which to file their reply.

11. Accordingly, Defendants respectfully request that the court grant leave to file a reply to Plaintiff's Opposition to the Motion for Summary Judgment and allow them until December 30, 2011, in which to file the same.

12. Furthermore, and in light of the above delays to this case, all of which have been outside of Defendants' control, Defendants also respectfully request that the Court either hold in abeyance or grant a corresponding extension the pre-trial schedule and trial dates set in this case.

13. The current pre-trial deadlines were imposed three months ago when it was anticipated that the Motion for Summary Judgment would be fully briefed and likely ruled upon by now. The current state of affairs would mean that Defendants would be simultaneously briefing their reply to the motion for summary judgment, and pre trial briefs and motions. Defendants would be forced to expend significant time and resources on preparing pre trial materials which might ultimately be unnecessary, should the motion be granted.

14. Defendants make this request in good faith and not for purposes of delay.

3

**Error! Unknown document property name.**

15. No prejudice to Plaintiff with result from the granting of this motion.

**WHEREFORE**, Defendants respectfully request that the Court grant them leave to submit a reply to the Motion for Summary Judgment no earlier than December 30, 2011 and that the Court hold in abeyance or correspondingly extend the pretrial deadlines and trial date in this case until after it has had an opportunity to rule on Defendants' Motion for Summary Judgment.

**DATED: November 21, 2011**             Respectfully submitted,
                                         NALCO COMPANY, ASHOK DUGGAL


                                         By:      s/ Natascha B. Riesco
                                                 One of Their Attorneys


*Attorneys for Defendants*

Arturo Diaz-Angueira
James W. McCartney (USDC-PR No. 211511)
**CANCIO, NADAL, RIVERA & DÍAZ, P.S.C.**
PO BOX 364966
San Juan, PR  00936-4966
(787) 767-9625

Mark Lies III (admitted *pro hac vice*)
Natascha B. Riesco-Farinas (USDC-PR No. 222112)
**SEYFARTH SHAW LLP**
131 S. Dearborn Street, Suite 2400
Chicago, IL  60603
(312) 460-5000

4

**Error! Unknown document property name.**

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that she caused a true and correct copy of the foregoing **DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY TO MOTION FOR SUMMARY JUDGMENT AND FOR EXTENSION TO PRE-TRIAL DATES** to be served upon the following attorneys via the CM/ECF filing system on this 21st day of November, 2011:

>Juan J. Martinez-Rodriguez
>PMB-570
>1353 Ave. Luis Vigoreaux
>Guaynabo, Puerto Rico 00966
>Email: jjmartrod@yahoo.com

                                                _____s/ Natascha B. Riesco_____