IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DONATO APONTE NAVEDO, BELKIS ISABEL SANTIAGO MARTÍNEZ, AND THEIR COMMUNITY OF ASSETS AND GAINS,<br><br>        Plaintiffs,<br><br>    v.<br><br>NALCO CHEMICAL COMPANY, JOSÉ SERRANO AND HIS WIFE JANE DOE (1), AND THEIR COMMUNITY OF ASSETS AND GAINS, JORGE CASTILLO AND HIS WIFE JANE DOE (2), AND THEIR COMMUNITY OF ASSETS AND GAINS, ASHOK PAUL DUGGAL AND HIS WIFE JANE DOE (3), AND THEIR COMMUNITY OF ASSETS AND GAINS AND ABC INSURANCE,<br><br>        Defendants. | Case No. 09-cv-01232-MEL<br><br><br><br>Magistrate Judge Marcos E. López |

## OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

Defendants Nalco Company ("Nalco") and Ashok Paul Duggal ("Duggal") (collectively "Defendants"), by and through their attorneys, and in response to Plaintiff's Motion for Reconsideration, hereby state as follows:

1.      The discovery period in this case closed on April 30, 2011.  (Docket No. 98.)

2.      On June 21, 2011, Defendants filed a Motion for Summary Judgment. (Docket Nos. 108-112.)

3.      After seeking several extensions of time and after the Court afforded them an opportunity to re-file an earlier defective opposition, Plaintiffs filed an opposition to the Motion for Summary Judgment on December 12, 2011. (Docket No. 169.)

14197590v.1

4.      On January 30, 2011 the Court issued an Opinion and Order granting Defendants'

Motion for Summary Judgment and dismissing all of Plaintiff's claims. (Docket 206).[1]  The

Court's Opinion and Order provides a detailed analysis of the arguments and materials submitted

by both parties as part of the briefing on the motion for summary judgment and other various

related motions.

5.      On February 3, 2012, only 4 days after the Court's ruling, Plaintiff filed the

currently pending "Motion for Reconsideration of Opinion and Order at EFC No. 206 pursuant

to Fed.R.Civ.P. R. 59 (e)." (Docket No. 221).   Plaintiffs' motion alleges that the Court should

have taken into account the arguments raised by Plaintiffs in a separate motion in limine

concerning spoliation of evidence and denied Defendants' motion for summary judgment on that

basis.

6.      Notably, Plaintiffs' motion in limine was filed on January 25, 2012 (Docket No.

101), only 5 days before the Court's ruling on summary judgment and long after discovery had

closed and briefing on the motion for summary judgment was complete.  Significantly, none of

the arguments in Plaintiffs' motion in limine had been included, let alone developed, in

Plaintiffs' opposition to the motion for summary judgment.

**STANDARD OF MOTION FOR RECONSIDERATION**

"Rule 59(e) motions for reconsideration are granted only where the movant shows a

manifest error of law or newly discovered evidence." *Maldonado Morales v. Noya Monagas*,

2010 WL 2998847 (D.P.R. July 23, 2010) (*quoting  Prescott v. Higgins,* 538 F. 3d 32, 45 (1st

Cir. 2008)); *see also F.D.I.C. v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992) (the motion

"must either clearly present a manifest error of law or must present newly discovered evidence.")

---

[1]  The Clerk has yet to enter judgment based on the Court's ruling and dismissal of Plaintiffs'
claims.

14197590v.1

The granting of a motion for reconsideration is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortg.*, 465 F.d 24, 31 (1st Cir. 2006) (internal citations omitted) and "should only be exceptionally granted." *Villanueva Mendez,* 360 F. Supp 2d 320, 324 (D.P.R. 2005) (noting that motions for reconsideration are typically denied); *Marie v. Allied Home Mortgage Corp.*, 402 F. 3d 1, 7  n.2 (1st Cir. 2005).  There are only four recognized grounds upon which Courts may grant Rule 59(e) motions for reconsideration: (1) manifest error of law or fact upon which the Court's judgment is based; (2) newly discovered or previously unavailable evidence; (3) if it is necessary to prevent manifest injustice; and (4) intervening changes in controlling law.  *See Maldonado Morales*, 2010 WL 2998847, *2 (*citing Marie*, 402 F. 3d at 7, n.2); *see also* 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §2810.1 (2d ed. 1995).

The First Circuit has repeatedly warned that motions for reconsideration may not be used "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." *National Metal Finishing Com. v. Barclays American/ Commercial Inc.*, 899 F.2d 119, 123 (1st Cir. 1990); *see also Bogosonian v. Woloohojian Realty Corp.*, 323 F.3d 55, 72 (1st Cir. 2003); *Aybar v. Crispin-Reyes*, 118 F.3d 10, 16 (1st Cir. 1997); *Villanueva Mendez,* 360 F. Supp 2d at 323 (motion for reconsideration "may not be used as vehicle to relitigate and/or rehash matters already litigated and decided by the Court."); *Standard Quimica de Venezuela v. Central Hispano International, Inc.*, 189 F.R.D. 202, n.4 (D.P.R. 1999). In other words, Rules 59(e) motions are "aimed at reconsideration, not initial consideration." *Meyer*, 978 F.2d at 18.   Furthermore, reconsideration is unavailable if it simply brings a point of disagreement between the Court and the litigant or reargues matters which the Court has already

addressed and disposed.  *Wayne v. First Citizen's National Bank*, 846 F. Supp. 310, 314 n.3

(M.D.Pa. 1994.)

**ARGUMENT**

Plaintiffs' motion for reconsideration falls far short of meeting this exigent standard.

Dissatisfied with the Court's ruling on summary judgment and its discovery rulings before that,

Plaintiffs are simply seeking yet another bite at the apple.  Plaintiffs are merely asking that the

Court rehash and alter its ruling based on matters and issues it has previously and unequivocally

decided.  Plaintiffs are also simultaneously asking that the Court consider matters that they could

have, but did not timely bring to the Court's attention.  The law is clear that a motion for

reconsideration is not a proper vehicle for such challenges.

Plaintiffs allege two grounds upon which they believe the Court should reverse its

dismissal of Plaintiffs' claims on summary judgment: (1) that the Court should have considered

the arguments contained in Plaintiffs' subsequent motion in limine; and that (2) Defendants

allegedly relied on documents that were inadmissible and not properly authenticated.  Neither of

the arguments has any merit nor provides a proper basis for granting reconsideration.

At the outset, Plaintiffs' argument that Defendants' motion allegedly relied on documents

that were inadmissible and not properly authenticated is meritless.  In addition to being wrong,

this contention is one that Plaintiff could have litigated at the summary judgment stage (or

before).  Plaintiff did not do so, such that Plaintiff's attempt to raise it at this stage is untimely,

has been waived and should be rejected.  Contrary to their claims, Plaintiff' did not raise, let

alone develop, this argument in their opposition to summary judgment.  There, Plaintiffs argued

only generally that Nalco had been unable to produce admissible evidence in support of its

contentious.   Specifically, Plaintiffs claimed that Nalco had not produced any documents

-4-

authored by its clients evidencing the complaints those clients had made about Aponte. (See Docket No. 169 at 6).   Plaintiffs' sole argument as to authentication was with regards to a single email which they argued was inadmissible because it constituted hearsay and had not been authenticated. *See* Docket No. 169 at 6-7.  Plaintiffs, however, failed to develop this argument in any meaningful way and accordingly waived it.[2]

Furthermore, all the documents/emails offered by Defendants in support of their motion for summary judgment were properly authenticated.  Authentication as a condition precedent to admissibility "is satisfied by evidence sufficient to support a finding that the matter in question is what proponent claims." *See* Fed. R. Evid 901(a).  The documents Plaintiffs now belatedly takes issue with were fully authenticated inasmuch as they were shown to Aponte during his deposition.  Aponte testified he recognized, received and had previously seen the referenced emails.  Aponte's testimony leaves no question that these were emails and materials he recognized as having received during the course of his employment and therefore were fully authenticated.

Plaintiffs' second basis for reconsideration is that the Court should have considered their arguments on spoliation, authentication etc., as contained in their motion in limine.  Plaintiffs' motion in limine essentially argues that Nalco allegedly engaged in spoliation and discovery abuses and for those reasons should be precluded from presenting its defenses or any evidence at trial.  As previously mentioned, however, the motion in limine was filed long after the close of discovery and long after briefing on the motion for summary motion was complete.  Rather than raising any such issues by the close of discovery as they should have, Plaintiffs instead waited until more than eight (8) months and nearly the eve of trial to bring these issues to the Court by

---

[2] Notwithstanding, in its ruling, the Court specifically addressed whether the referenced emails were admissible given the parties respective hearsay objections.  (See Docket No. 206 at 6).

14197590v.1

way of a so-called motion in limine.  In other words, these are matters that Plaintiff could have

raised much earlier but failed to do so.  Plaintiffs also failed to raise these issues as part of the

summary judgment record.   Asking that the Court consider arguments that Plaintiffs only raised

via a subsequent motion in limine is improper because Plaintiff could have and should have

addressed these matters long before it filed its motion in limine.  The law is clear that Plaintiffs

may not a use a motion for reconsideration "to raise new legal theories that should have been

raised earlier." *National Metal Finishing Com*, 899 F.2d at 123.

Since nearly the inception of this case, Plaintiffs repeatedly threatened that they would

file a motion for spoliation.  Despite their threats, however, Plaintiff never did so.  As the Court's

orders have noted, Plaintiffs first began claiming Defendants had engaged in discovery abuses

and spoliation as early as January 2010 (Docket No. 41).  Although Plaintiffs brought various

motions to compel, all of which were ruled upon by the Court, they never filed the much

anticipated motion for spoliation.  Indeed, in October 2010, Plaintiffs represented to the Court

that they were "currently drafting a motion for a finding of spoliations, as well as for other

related discovery abuses and behavior, which they intend to file in the form of a dispositive

motion." (Docket No. 87 p. 1).[3]   Again, that motion was never forthcoming.  Rather, Plaintiff

allowed the discovery period to close in April, 2011.[4]   Plaintiff's opposition to the motion for

summary judgment also failed to raise any issues concerning spoliation.

---

[3] Given this procedural history, the Court warned Plaintiffs that their opposition to the motion for
summary judgment "shall not address discovery disputes that have already been ruled upon by
the court." (Docket No. 165).

[4] Indeed, Defendants filed a motion asking for an extension of time to complete discovery,
noting in part that Plaintiff had yet to depose Nalco's 30(b)(6) witness, yet Plaintiff vehemently
opposed any extension. (*See* Docket Nos. 99-101.)

14197590v.1

Then, in December 2011, eight months after the close of discovery and long after the

Defendants had filed their motion for summary judgment, Plaintiffs sought leave to file a motion

for spoliation via a Motion for Entry of Order (Docket No. 155).   The Court denied Plaintiffs'

motion and ruled, in no uncertain terms, that any such issues were moot and untimely, since the

Court had ruled on all pending discovery issues and the discovery period had closed.  (See

Docket No 164 at 4). After painstakingly recounting the case's procedural history, the Court

went on to state:

> *"Furthermore, any such motions [for spoliation and discovery*
> *abuses] are now moot, as the Court proceeded to rule on all of the*
> *discovery issued raise in plaintiff's motions to compel and at the*
> *hearing.  Moreover, the Court subsequently extended the deadline*
> *to complete discovery and file dispositive motions to April 30,*
> *2011 and May 31, 2011, respectively, and ordered that any*
> *discovery issues not previously resolved by the court be brought to*
> *its attention by April 15, 2011.  These deadlines have long since*
> *passed."*  (Docket No. 164 at 4)

Unsatisfied with the Court's December 2011 order (and the Court's prior discovery

orders),  Plaintiff attempted to circumvent it, by renaming their denied motion a motion in

limine.  In reality, Plaintiffs' motion in limine is nothing more than a belated and untimely

discovery motion disguised as a motion in limine and a veiled attempt to evade the Court's prior

discovery orders.  Accordingly, Plaintiff's present request for reconsideration on the basis of

their motion is limine is simultaneously asking that the Court consider untimely arguments it

could have raised before and that it rehash matters which have been previously ruled upon.

## CONCLUSION

Simply put, Plaintiffs waived any spoliation arguments by not raising them before the

discovery deadline.  Plaintiffs also failed to raise any such arguments in their opposition to the

motion for summary judgment.   Plaintiffs' belated attempt to bring these arguments by way of a

motion in limine is furthermore an attempt to rehash, circumvent and evade the Court's prior

-7-

discovery orders.   Plaintiffs' motion for reconsideration on this basis is simply more of the

same.  Furthermore, under either scenario, the relief Plaintiffs seek is not the basis of a proper

motion for reconsideration and is wholly unwarranted.  *See National Metal Finishing*, 899 F.2d

at 123 (motions for reconsideration may not be used "to repeat old arguments previously

considered and rejected, or to raise new legal theories that should have been raised earlier.")

WHEREFORE, Defendants respectfully request that the Court deny Plaintiffs' motion for

reconsideration (Docket No. 221) and enter judgment for Defendants in accordance with the

Opinion and Order of January 30, 2011 (Docket No. 202).

**DATED:  February 20, 2012**                    Respectfully submitted,

NALCO COMPANY, ASHOK DUGGAL


By:    ___s/ Natascha B. Riesco_____
                       One of Their Attorneys

*Attorneys for Defendants*

Arturo Diaz-Angueira
James W. McCartney (USDC-PR No. 211511)
**CANCIO, NADAL, RIVERA & DÍAZ, P.S.C.**
PO BOX 364966
San Juan, PR  00936-4966
(787) 767-9625

Mark Lies III (admitted *pro hac vice*)
Natascha B. Riesco-Farinas (USDC-PR No. 222112)
**SEYFARTH SHAW LLP**
131 S. Dearborn Street, Suite 2400
Chicago, IL  60603
(312) 460-5000

14197590v.1

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that she caused a true and correct copy of the

foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF**

**OPINION AND ORDER AT ECF. NO 206** to be served upon the following attorney via the

CM/ECF filing system on this 20th day of February, 2012:

> Juan Jose Martinez Rodriguez
> PMB-570, 1353 Luis Vigoreaux Ave.
> Guaynabo, PR 00966
> E-mail: jjmartrod@yahoo.com

s/ Natascha B. Riesco
_____
Natascha B. Riesco

14197590v.1