IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DONATO APONTE NAVEDO, et. al.,

Plaintiffs,

v.

NALCO CHEMICAL, INC., et. al.,

Defendants.

CIVIL NO.: 09-1232 (MEL)

**OPINION AND ORDER**

This case is an employment discrimination action filed by Donato Aponte Navedo ("Aponte") and Belkis Santiago Martínez, his former spouse, (collectively, "plaintiffs") on March 10, 2009, alleging that defendants Paul Ashok Duggal ("Duggal") and Nalco Chemical Company ("Nalco") (collectively, "defendants") violated his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"); the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA"); the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-12300; and various provisions of Puerto Rico anti-discrimination law. (D.E. 1).[1] On January 30, 2012, the court granted defendants' motion for summary judgment (D.E. 108), dismissing all claims and causes of action against them. (D.E. 206). On February 3, 2012, plaintiffs moved the court to reconsider that opinion and order, and filed a supplementary motion two days later. (D.E. 221, 222). Defendants have timely filed a response in opposition. (D.E. 223). Plaintiffs mention three arguments in support of their request for reconsideration, none of

---

[1] Two other Nalco employees, José Serrano and Jorge Castillo, and their respective spouses and conjugal partnerships were also named as defendants. On January 19, 2012, the court granted plaintiffs' motion to voluntarily dismiss these defendants due to their inability to effectuate service of process. (D.E. 196, 198, 199).

which the court finds convincing. Accordingly, based on the reasons set forth the below, plaintiffs' motion is denied.

## I. Admissibility of Defendants' Evidence

First, plaintiffs allege that defendants' motion for summary judgment was supported by inadmissible evidence. (D.E. 221, p. 2). In their motion for reconsideration, plaintiffs merely state that defendants relied on "documentation that was not properly authenticated nor admissible into evidence." Id. Plaintiffs claim that they made this argument in their opposition to defendants' summary judgment motion, and thus cite to paragraphs eighteen to twenty-four of that opposition. (D.E. 169, pp. 5-8). In those paragraphs, plaintiffs alleged, generally, that defendants had failed to produce a single piece of "documentary evidence that they would be able to present, authenticate, and ultimately admit into evidence at trial." (D.E. 169, p. 6-7, ¶ 18).

Plaintiffs did little to develop that allegation into an argument. They made no further mention of authentication, or lack thereof, apart from the sentence just quoted, and they identified only two specific pieces of evidence that they maintained were inadmissible. This evidence consisted of two e-mails: one that was submitted as an attachment to Aponte's deposition testimony, which defendants used to support their motion for summary judgment, and one that was attached to Duggal's affidavit, which was also one of defendants' exhibits. (D.E. 169, pp. 6-7). Both are e-mails that Duggal sent to Aponte; one mentions a complaint received from a client and the other states that another Nalco employee told Duggal that Aponte had not timely submitted a required report. (D.E. 112-3, p. 13 and 112-4, p. 22). Plaintiffs allege that these two statements are "hearsay, upon hearsay, upon hearsay," but fail to explain why or to cite any legal authority in support of this contention. (D.E. 169, p. 6-7). "It is not enough to merely mention a possible argument in the most skeletal way, leaving the court to do counsel's work,

create the ossature for the argument, and put flesh on its bones." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

Nevertheless, the court's opinion and order recognized that Duggal's affidavit contained several statements that would be inadmissible hearsay if used to prove the truth of the matter that they asserted. (D.E. 206, p. 6). Accordingly, the court emphasized that such statements would only be considered for the nonhearsay purpose of showing their effect on the "listener," in this case, the reader, who was Duggal. Id.; see United States v. Castro Lara, 970 F.2d 976, 981 (1st Cir. 1990) ("The hearsay rule does not pertain to statements adduced merely to show that they had some effect on the future actions of a listener."). The e-mails submitted in support of that affidavit and accompanying Aponte's deposition were used for the same purpose. For example, the client complaint that plaintiffs mention was not considered for the truth of that complaint—that is, whether Aponte had actually engaged in the behavior complained of—but only for the fact that Duggal had received a complaint from a client, and the resultant effect on Duggal's perception of Aponte's work performance. (See D.E. 206, p. 25-26, explaining that evidence showed that Nalco legitimately perceived Aponte's work performance to be inadequate, which was the relevant factor in the analysis).

To the extent that plaintiffs' allegations regarding authentication refer to defendants' e-mail exhibits—which is all that the court can surmise given plaintiffs' failure to set forth an argument—such allegations are meritless. Of course, it is well settled that "[d]ocuments supporting or opposing summary judgment must be properly authenticated." Del Toro Pacheco v. Pereira Castillo, 662 F. Supp. 2d 202, 210 (D.P.R. 2009). In order to satisfy the authentication requirement "the proponent must produce evidence sufficient to support a finding that the item is

what the proponent claims it is." Fed. R. Evid. 901(a).  One way to satisfy this requirement is with witness testimony saying "that an item is what it is claimed to be." Fed. R. Evid. 901(b)(1). Additionally, "[e]-mails can be authenticated by their authorship . . . [and] data such as the address of the original sender the content of the information included in the e-mail and other circumstances can [also] suffice." Sánchez-Medina v. Unicco Svc. Co., Civil No. 07-1880 (DRD), 2010 WL 3955780, at * 5 (D.P.R. Sept. 30, 2010) (slip copy).  Ten of the eleven e-mails attached to Duggal's affidavit were e-mails that he had written himself. (D.E. 112-4, pp. 11-33, 38).  The other e-mail was one that Duggal had received. (D.E. 112-4, pp. 34-36).  Duggal refers to each of these emails throughout the course of the affidavit, and certifies each time that the e-mail is a true and correct copy of the email he wrote or received.  This is sufficient for authentication purposes.

Similarly, the e-mail attached to Aponte's deposition transcript was shown to him during his deposition.  For this reason, it is listed as Exhibit No. 6 in the deposition transcript.  (See pp. 4, 7, Pl.'s Dep., D.E. 112-1, p. 3, 22).  At the deposition, counsel for defendants introduced the copy of the email and described its contents.  (D.E. 112-1, p. 22).  Aponte asserted that he had received and read that e-mail previously, and he confirmed its contents.  Id.  Accordingly, the e-mail was marked as an exhibit.  Id.  This is sufficient to satisfy the requirements of Federal Rule of Evidence 901.[2]  Therefore, plaintiffs' allegations that defendants' evidence was inadmissible and improperly authenticated are incorrect.

## II.     Spoliation Allegations

Plaintiffs' next claim of error is that the court should have denied defendants' motion for summary judgment for failure to meet their burden as proponents and imposed sanctions on them

---

[2] Furthermore, plaintiff's counsel did not object to the introduction of this e-mail into evidence at the deposition. Objections that are not raised when the evidence in question is first offered are deemed forfeited.  See Fed. R. Evid. 103; Reagan v. Brock, 628 F.2d 721 (1st Cir. 1980). A review of the deposition transcript, included with summary judgment motion, does not reveal that the parties' attorneys reserved the right to assert any objections not stated for the record.  (See D.E. 111-1 and 111-2).

"as laid out in [plaintiffs'] motion *in limine* and justified by defendants' conduct and abundantly supported by the record." (D.E. 221, p. 3). Once again, plaintiffs provide no further argumentation, referring to a motion *in limine* that they filed in anticipation of trial on January 25, 2012 (D.E. 202), six months after defendants filed the summary judgment motion (D.E. 108), and more than one month after plaintiffs' filed their amended response in opposition. (D.E. 169).[3] The motion *in limine* asks the court to enter an order precluding Nalco from raising certain defenses and presenting certain electronically stored evidence ("ESI") at trial due to alleged discovery abuses, including failure to produce ESI and spoliation of evidence. (D.E. 202). These allegations stem from a dispute over the scope of ESI discovery that began with plaintiffs' first motion to compel in January of 2010 (D.E. 41) and concluded with an evidentiary hearing and subsequent opinion and order in January of 2011. (D.E. 92 and 93). Because plaintiffs' objection is procedurally incorrect and untimely, it is unsustainable.

The relief requested in plaintiffs' motion *in limine* is an order "precluding Nalco for [sic] raising any defenses *at trial* . . . and from entering evidence *at trial*." (D.E. 202, p. 41) (emphasis added); cf. Luce v. United States, 469 U.S. 38, 40 (1984) (defining a motion *in limine* "in a broad sense to refer to any motion, whether made before or during trial, to exclude anticipated evidence *before the evidence is actually offered*") (emphasis added). Nowhere in that motion do plaintiffs request that any of Nalco's evidence or arguments be stricken from the record being considered for summary judgment purposes. When the court granted defendants' motion for summary judgment on January 30, 2012, any motions relating to trial became moot. Accordingly, the court ruled on plaintiffs' motion *in limine* (as well as other pretrial motions) on

---

[3] The court struck plaintiffs' first response in opposition for its failure to conform to Local Rule 56. (See D.E. 165, striking D.E. 152)

that same day, deeming it moot. (D.E. 214). Plaintiffs now ask the court to consider arguments set forth in a motion that has already been disposed of.[4]

Regardless, even if plaintiffs had properly set forth their spoliation allegations in the instant motion, a post-summary judgment motion for reconsideration filed over two years after the discovery dispute first arose is neither a proper nor timely method of raising such objections. The arguments in plaintiffs' motion *in limine* are centered on a request for production of documents which, among other discovery requests, became the subject of several motions to compel filed by plaintiffs and objected to by defendants. (See D.E. 41, 44, 45, 46, 47, 55, and 77). The document request at issue asked defendants to produce all Lotus Notes files, including, *inter alia*, e-mails, mail stores, mailboxes, and calendars from sixteen named Nalco employees from January 1, 2007 to the present. (D.E. 77, p. 18 and 93, p. 13-14). Nalco objected that the request was overbroad and that, regardless of said objection, Nalco's policy was to retain e-mails on their servers for no more than ninety days, such that not all of the e-mails requested were still available for production. (D.E. 77, p. 19).[5] Citing defendants' objection in their fourth motion to compel, plaintiffs alluded to allegations of spoliation, stating that Nalco's objection was in bad faith, and later filed a motion informing the court that they were in the process of "drafting a motion for a finding of spoliation, as well as for other related litigation abuses and behavior." (D.E. 97, p. 1, ¶ 3). Plaintiffs never filed that motion. As to their fourth motion to compel, the court held a hearing on the various discovery disputes raised therein and ruled on each one in an opinion and order dated January 28, 2011. (D.E. 93). Regarding the document production

---

[4] Additionally, the forty-page motion *in limine* vastly exceeds the fifteen-page maximum that Local Rule 7(d) allows for non-dispositive motions.

[5] Apparently, plaintiffs contend that defendants' breached their duty to preserve evidence, which they argue arose at the moment of Aponte's termination on July 23, 2008. (D.E. 202, p. 8, ¶ 20). However, plaintiffs' fourth motion to compel, dated October 25, 2010, appears to indicate that Nalco did indeed retain e-mails from that date forward because it cites defendants' objection to the document request as stating that "e-mails from July 23, 2008 or earlier" were no longer available on Nalco's servers. (D.E. No. 77, p. 19). However, in their response in opposition to said motion, defendants state that "there are currently *no e-mails* in Nalco's possession or control that are responsible to the Plaintiffs' request," due to the e-mail retention policy. (D.E. 78, p. 10) (emphasis added).

request at issue, the court ruled that it was "too broad," and that "in accordance with the discussion at the hearing, plaintiffs are required to narrow the scope." (D.E. 93, p. 14). Subsequently, the court set April 15, 2011 as the deadline for raising any further discovery issues and maintained April 30, 2011 for the conclusion of all discovery. (D.E. 98 and 93, p. 14). Plaintiffs filed no further discovery-related motions prior to this deadline, nor did they move for reconsideration of the January 28, 2011 opinion and order or any of the court's other rulings on the various discovery disputes.[6]

Federal district courts have consistently emphasized that timeliness is key factor in considering spoliation allegations. See Goodman v. Praxair Services, Inc., 632 F. Supp. 2d 494, 506-08 (D. Md. 2009) (collecting cases). Specifically,

> [c]ourts considering this issue have identified a number of factors that can be used to assess the timeliness of spoliation motions. First, "[k]ey to the discretionary timeliness assessment of lower courts is how long after the close of discovery the relevant spoliation motion has been made . . . ." See, e.g., [McEachron v. Glans, No. 98-CV-17(LEK/DRH), 1999 WL 3360154 (N.D.N.Y. June 8, 1999)], at *2, n. 3 (holding spoliation motion made two weeks after the close of discovery was timely); id. at *2 (citing Shamis v. Ambassador Factors Corp., 34 F. Supp. 2d 879, 886 (S.D.N.Y. 1999) (finding motion for spoliation sanctions filed two months after conclusion of discovery was timely, as it was "not brought well after the close of discovery . . . nor after the start of trial")). Second, a court should examine the temporal proximity between a spoliation motion and motions for summary judgment. See, e.g., id. (citing Glenn v. Scott Paper Co., Civ. A. No. 92-1873, 1993 WL 431161, at *17 n. 3 (D.N.J. Oct. 20, 1993) (spoliation argument used to defend a summary judgment motion was untimely, as the plaintiff did not raise any concerns "during the discovery phase or bring them to the attention of the magistrate [judge]")); Morse Diesel Int'l, Inc. v. United States, 81 Fed. Cl. 220, 222 (2008) (plaintiff's spoliation motion, which was filed *after* the court ruled on the plaintiff's motion for partial summary judgment, was held to be untimely); Ferrone v. Onorato, No. 05-303, 2007 WL 2973684, at *10 (W.D. Pa. Oct. 9, 2007) (spoliation argument should have been made in "appropriate discovery motion," and not in "opposition to summary judgment [motion]"); but see, e.g., McDonald v. Wal-Mart Stores East, LP, No. 3:07cv425, 2008 WL 153783, at *1 n. 1 (E.D. Va. Jan. 14, 2008) (granting plaintiff's request to file untimely summary judgment motion *nunc pro tunc* because spoliation argument

---

[6] It was not until July 21, 2011 that plaintiffs' former attorneys, William Meléndez Menéndez and Miguel A. Cuadros Pesquera, became unable to continue representing plaintiffs in this case. (D.E. 124 and 130). Therefore, their failure to comply with the court's orders (D.E. 93 and 98) in a timely manner is unjustified.

contained in the motion was present in earlier motion *in limine,* and "[c]reating a clear record benefits both parties"). Third, courts should be wary of any spoliation motion made on the eve of trial. See, e.g., Permasteelisa CS Corp. v. Airolite Co., LLC, No. 2:06-cv-569, 2008 WL 2491747, at *2-3 (S.D. Ohio June 18, 2008) (spoliation motion filed one week before trial was held to be untimely); Shamis, 34 F. Supp. 2d at 886. Fourth, courts should consider whether there was any governing deadline for filing spoliation motions in the scheduling order issued pursuant to Fed. R. Civ. P. 16(b) or by local rule. Finally, the explanation of the moving party as to why the motion was not filed earlier should be considered.

Id. at 506-08. Considering the factors listed above, plaintiffs' motion *in limine*—filed almost a year after the court last ruled on the discovery dispute declaring the request overbroad and asking that the same be narrowed in scope, more than eight months after the close of all discovery, well after plaintiffs' response in opposition to the summary judgment motion, and less than two weeks before trial—cannot be deemed timely.[7] Accordingly, plaintiffs' attempt to raise these contentions again, after summary judgment has been granted, will not be considered. Cf. F.D.I.C. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992) (holding that motions for reconsideration may not be used to raise arguments that could, and should, have been made upon initial consideration).

## III.   Plaintiffs' Newly Translated Exhibits

In their supplemental motion for reconsideration, plaintiffs proffer certified English translations of three e-mails that they had submitted as exhibits in support of their opposition and

---

[7] The court's previous order of December 6, 2011 is hereby incorporated by reference. (D.E. 164). That order disposed of a motion that plaintiffs filed on December 1, 2011, requesting the court to set a deadline for the filing of a "motion for a finding of spoliation, as well as for other litigation abuses and behavior." (D.E. 155). In ruling on that motion, the court set forth, in detail, why such request was untimely. (D.E. 164). To avoid unnecessary repetition, only the most salient points of that order will be repeated here. On October 23, 2011, one month after plaintiffs' current counsel assumed representation, he filed a motion seeking an extension of time to respond to defendants' summary judgment motion, stating that he had just become aware of defendants' alleged discovery abuses and intended to raise these issues in the opposition. (D.E. 141). Although an extension was granted, these arguments did not appear in plaintiffs' opposition. (D.E. 152-2 and 169). In their first opposition, plaintiffs made an oblique reference to the alleged discovery abuses, buried within one paragraph of their response to defendants' proposed statement of uncontested facts. (See D.E. 152-2, ¶ 26). However, they did not set forth their arguments either in that paragraph or in their memorandum of law. Upon striking plaintiffs' opposition for its violation of Local Rule 56, the court clarified that the newly filed opposition should not raise discovery issues that the court had already ruled upon. (D.E. 165). Plaintiffs' re-filed opposition did not mention the e-mail production. (D.E. 169).

that "regrettably were left without a certified translation." (D.E. 222). As the court noted in its opinion on the motion for summary judgment, Local Rule 5(g) requires all documents not in English to be submitted with a certified English translation. (D.E. 206, p. 2, n.3). Plaintiffs have provided no explanation—reasonable or otherwise—for failure to timely submit the certified translations in accordance with the Local Rules. Moreover, the purpose of a motion for reconsideration is to "either clearly establish a manifest error of law or [to] present *newly discovered* evidence." World Univ., Inc., 978 F.2d at 16 (citing F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir.1986)) (emphasis added). It is not for the purpose of submitting evidence that a party had all along but failed to submit in the proper format. Therefore, the court declines to consider the translated e-mails at this late stage of the proceedings. Cf. Martínez v. Atlantic Coll., 2006 WL 3511596, at *2 (D.P.R. Dec. 5, 2006) (refusing to consider exhibits filed in the Spanish language in ruling on motion for summary judgment) (citing Aguiar–Carrasquillo v. Agosto–Alicea, 445 F.3d 19, 24 (1st Cir. 2006)).

**IV.   Conclusion**

For the foregoing reasons, plaintiffs' motion for reconsideration (D.E. 221, 222) of the court's opinion and order at Docket Entry 206 is hereby DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico this 30th day of March, 2012.

                                               s/Marcos E. López
                                               U.S. Magistrate Judge